STATE OF MINNESOTA

COUNTY OF LESUEUR

DISTRICT COURT

FIRST JUDICIAL DISTRICT
Case Type: 10-Property Damage

---

Western National Mutual Ins. Co.,
as subrogee of Matthew Eberhardt,

      Plaintiff,

vs.

Daesung Celtic Enersys Co., Ltd., fka
Daesung Celtic Co., Ltd., a foreign
corporation, Challenger Supply Holdings,
Inc., a foreign corporation, and Quietside
Corporation, a foreign corporation,

      Defendants.

Court File No.:

**SUMMONS**

---

THIS SUMMONS IS DIRECTED TO THE ABOVE NAMED DEFENDANTS.

1. **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS**. You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

      **BORGELT, POWELL, PETERSON & FRAUEN S.C.**
      7825 3rd Street North
      Suite 206
      Oakdale, MN 55128

3. **YOU MUST RESPOND TO EACH CLAIM**. The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

**4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

**5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case**.

**6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

|  | BORGELT, POWELL, PETERSON & FRAUEN S.C. |
|---|---|
| Dated: 10-9 , 2015 | By |
|  | Kevin J. Kennedy (#193872) |
|  | Forrest G. Hopper (#0389417) |
|  | 7825 3rd Street North |
|  | Suite 206 |
|  | Oakdale, MN 55128 |
|  | Telephone: (651) 256-5000 |
|  | Fax: (651) 340-1456 |
|  | *Attorneys for Plaintiff* |

## ACKNOWLEDGMENT

Pursuant to Minn. Stat. § 549.211, Plaintiff acknowledges, by its attorneys hereunder, that sanctions may be awarded to the opposing party as outlined in this statute.

Kevin J. Kennedy (#193872)
Forrest G. Hopper (#0389417)

\\BPPFFS2\Documents\KJK\65206 EBERHARDT\Pleadings\Pleadings\Summons.docx

STATE OF MINNESOTA

COUNTY OF LE SUEUR

DISTRICT COURT

FIRST JUDICIAL DISTRICT
Case Type: 10-Property Damage

---

Western National Mutual Insurance
Company, as subrogee of Matthew Eberhardt,

        Plaintiff,

vs.

Daesung Celtic Enersys Co., Ltd., fka
Daesung Celtic Co., Ltd., a foreign
corporation, Challenger Supply Holdings,
Inc., a foreign corporation, and Quietside
Corporation, a foreign corporation,

        Defendants.

Court File No.:

**COMPLAINT**

---

Plaintiff Western National Mutual Insurance Company, as subrogee of Matthew Eberhardt ("Plaintiff"), as and for its causes of action against Defendants Daesung Celtic Enersys Co., Ltd., fka Daesung Celtic Co., Ltd., ("Daesung"), Challenger Supply Holdings, Inc. ("Challenger"), and Quietside Corporation ("Quietside"), states and alleges:

1.      At all relevant times, Plaintiff was an insurance company authorized to conduct business in the State of Minnesota.

2.      At all relevant times, Plaintiff's insured, Matthew Eberhardt ("Insured"), maintained homeowner's and automobile insurance policies providing coverage for his real and personal property located at 130 S. Webster St., Kasota, Minnesota (the "Property").

3.      Defendant Daesung is a foreign corporation with its principal place of business located at 313-69, Sanggok-RI, Samsung-Myun, Eumsung-Gun Chungbuk. Korea, 369-834. It also maintains an office in the United States at 13919 Artesia Blvd., Cerritos, CA 90703.

4.      Defendant Daesung designs and manufactures boilers and other heating appliances that are sold within the State of Minnesota, including tankless gas water heaters. Daesung has dealers, agents and/or representatives who market, sell and service its products in the State of Minnesota.

5.      Defendant Daesung designed, manufactured, assembled and sold a 120 BTU "Quietside" brand instantaneous water heater, model #ODW-120A (the "Product") that was installed at the Property.

6.      Defendant Daesung availed itself of the laws of the State of Minnesota by knowingly entering the Product into the stream of commerce that was distributed, transported, sold, and/or used in the State of Minnesota and by knowingly servicing its products in the State of Minnesota.

7.      Defendant Challenger is a foreign corporation with its principal place of business located at 4500 Mercantile Plaza Drive, Suite #300, Fort Worth, TX 76137.  Challenger is a successor-in-interest to Defendant Quietside and is an importer and authorized distributor of Daesung products including the Product.

8.      Defendant Challenger availed itself of the laws of the State of Minnesota by knowingly entering the Product into the stream of commerce that was distributed, transported, sold, and/or used in the State of Minnesota.

9.      At all relevant times, Defendant Quietside was a foreign corporation with its principal place of business located at 776 Henrietta Creek Rd, Suite 100 Roanoke, TX 76262 and/or 8750 Pioneer Blvd., Santa Fe Springs, California.  Quietside is or was an importer and authorized distributor of Daesung products including the Product.

2

10.. Defendant Quietside availed itself of the laws of the State of Minnesota by knowingly entering the Product into the stream of commerce that was distributed, transported, sold, and/or used in the State of Minnesota.

11. On November 17, 2014, the Product failed and ignited a fire which directly caused damage to the Property.

12. The fire was caused by defects in the Product, including, but not limited to, those defects admitted by Daesung which lead to the recall of the Product and others like it in November 2014.

13. As a direct result of the fire loss, the Insured suffered damages in the amount of $409,383.23.

14. Pursuant to the terms of its insurance policy, Plaintiff made payments to and on behalf of the Insured for the damages resulting from the fire and thereby became subrogated to all of the Insured's rights and causes of action to the extent of such payments.

## COUNT I – NEGLIGENCE

Plaintiff, for its first cause of action against Defendants, reincorporates Paragraphs 1 through 14 above and further states and alleges:

15. Defendants were negligent in the design, manufacture, assembly, packaging, marketing, distribution and/or sale of the Product, thereby breaching the applicable standard of care and directly causing the above-referenced damages. Such negligence includes, but is not limited to: (1) manufacturing a defective Product and/or incorporating defective or incompatible components into the Product; (2) exercising significant control over the design and/or manufacture of the Product and other internal components but failing to ensure they were properly designed and/or manufactured; (3) having knowledge that the Product was defective

3

and that it caused and created the risk of fire, but failing to take appropriate and reasonable steps to remedy the defect; and (4) failing to warn users, including the purchaser of the Product and Mr. Eberhardt, of the dangers and defects associated with the Product..

16.     As the direct, proximate, and foreseeable result of Defendants' negligence, Plaintiff sustained the above-referenced damages.

## COUNT II – STRICT LIABILITY

Plaintiff, for its second cause of action against Defendants, reincorporates Paragraphs 1 through 16 above and further states and alleges:

17.     The Product was defective and unreasonably dangerous in design and manufacture and the defects existed when the Product left the control of Defendants.

18.     The defects caused the Product to be dangerous to the user or consumer when used in a reasonable and foreseeable manner.

19.     There was no modification, alteration or misuse of the Product between the date of purchase and the fire loss.

20.     It was reasonably foreseeable that the Product would be purchased, installed, and used in residences.  As a result, it was reasonably foreseeable that the Product would cause injury or damage to persons and property, including the Property, when used in an ordinary and foreseeable manner.

21.     Defendants are strictly liable for the unreasonably dangerous and defective nature of the Product which caused the fire loss.

22.     As a direct and proximate result of the unreasonably dangerous and defective Product, Plaintiff sustained the above-referenced damages.

4

## COUNT III – FAILURE TO WARN

Plaintiff, for its third cause of action against Defendants, reincorporates Paragraphs 1 through 22 above and further states and alleges:

23.  Defendants were, or should have been, aware of the unreasonably dangerous and defective nature of the Product and products like it prior to the date of the fire loss.

24.  Defendants failed to warn of the dangerous and defective conditions associated with the Product.

25.  It was reasonably foreseeable that the Product would be purchased, installed, and used in residences.  As a result, it was reasonably foreseeable that the Product would cause injury or damage to persons and property, including the Property, when used in an ordinary and foreseeable manner.

26.  The failure to warn directly caused the above-referenced damages.

27.  As a direct and proximate result of Defendants' failure to properly warn of the unreasonably dangerous defects, Plaintiff sustained the above-referenced damages.

## COUNT IV – BREACH OF WARRANTY

Plaintiff, for its fourth cause of action against Defendant, reincorporates Paragraphs 1 through 27 above and further states and alleges:

28.  Defendants placed the defective Product into the stream of commerce.

29.  The Product and/or its components were defective and the defects caused the above-referenced damages.

30.  Defendants made express and implied warranties in the course of the sale of the Product.

5

31.    By virtue of the defective nature of the Product, Defendants breached the express warranties and the implied warranties of merchantability and fitness for a particular use.

32.    Defendants were notified of the fire loss and were provided an opportunity to indemnify Plaintiff for the damages resulting from the fire but have failed and/or refused to do so.

33.    As a direct and proximate result of Defendants' breaches of warranties, Plaintiff sustained the above-referenced damages.

**WHEREFORE,** Plaintiff hereby demands judgment against Defendants, jointly and severally, in the amount of $409,383.23, together with interest thereon and costs and disbursements sustained herein, and any other relief the Court deems just and proper.

**BORGELT, POWELL, PETERSON & FRAUEN S.C.**

Dated: _10 - 9 §_, 2015

By _____
Kevin J. Kennedy (#193872)
Forrest G. Hopper (#0389417)
7825 3rd Street North
Suite 206
Oakdale, MN 55128
Telephone: (651) 256-5000
Fax: (651) 340-1456
*Attorneys for Plaintiff*

## ACKNOWLEDGMENT

Pursuant to Minn. Stat. § 549.211, Plaintiff acknowledges, by its attorneys hereunder, that sanctions may be awarded to the opposing party as outlined in this statute.

_____
Kevin J. Kennedy (#193872)
Forrest G. Hopper (#0389417)

STATE OF MINNESOTA      )
                              ) ss.     **AFFIDAVIT OF SERVICE BY U.S. MAIL**
COUNTY OF WASHINGTON)

Janet S. Ambright, being first duly sworn on oath, deposes and states that on the 20th day of October, 2015, she served via United States Mail addressed to:

Kevin Hahn, Esq.
Littleton, Joyce, Ughett, Park & Kelly LLP
39 Broadway, 34th Floor
New York, NY 10006
*Via electronic (Kevin.hahn@littletonjoyce.com & U.S. Mail)*

the last known address of said addressee in which envelope she placed a true and correct copy of:

*Summons and Complaint together with two copies of a Notice and Acknowledgement of Service by Mail pursuant to Rule 4.05, Minn. R. Civ. P.*

_____
Janet S. Ambright

Subscribed and sworn to before me
this 20th day of October, 2015.

_____
Notary Public

MICHELE ANDERSON
Notary Public
Minnesota
My Commission Expires January 31, 2020

**FORM 22 - NOTICE AND ACKNOWLEDGMENT OF SERVICE BY MAIL**

**NOTICE**

TO:    Daesung Celtic Enersys Co., Ltd
       c/o Kevin Hahn, Esq.
       Littleton, Joyce, Ughett, Park & Kelly LLP
       39 Broadway, 34th Floor
       New York, NY 10006

The enclosed Summons and Complaint are served pursuant to Rule 4.05 of the Minnesota Rules of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within 20 days.

Signing this Acknowledgment of Receipt is only an admission that you have received the Summons and Complaint, and does not waive any other defenses.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within 20 days, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within 20 days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this Notice and Acknowledgment of Receipt of Summons and Complaint was mailed on October 20, 2015.

_____
Signature

10 - 20 - 15
_____
Date of Signature

ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above-captioned matter at Kevin Hahn, Esq., Littleton, Joyce, Ughett, Park & Kelly LLP,39 Broadway, 34th Floor, New York, NY 10006.

_____
Signature

_____
Relationship to Entity/Authority to
Receive Service of Process

_____
Date of Signature

(Added March 21, 1985, effective July 1, 1985.)

**FORM 22 - NOTICE AND ACKNOWLEDGMENT OF SERVICE BY MAIL**

**NOTICE**

TO:    Daesung Celtic Enersys Co., Ltd
       c/o Kevin Hahn, Esq.
       Littleton, Joyce, Ughett, Park & Kelly LLP
       39 Broadway, 34th Floor
       New York, NY 10006

The enclosed Summons and Complaint are served pursuant to Rule 4.05 of the Minnesota Rules of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within 20 days.

Signing this Acknowledgment of Receipt is only an admission that you have received the Summons and Complaint, and does not waive any other defenses.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within 20 days, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within 20 days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this Notice and Acknowledgment of Receipt of Summons and Complaint was mailed on October 20, 2015.

_____
Signature

_____
10 - 20 - 15
Date of Signature

ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above-captioned matter at Kevin Hahn, Esq., Littleton, Joyce, Ughett, Park & Kelly LLP,39 Broadway, 34th Floor, New York, NY 10006.


_____
Signature


_____
Relationship to Entity/Authority to
Receive Service of Process


_____
Date of Signature

(Added March 21, 1985, effective July 1, 1985.)

이 사건의 사건번호는 청주지방법원 충주지원

2015타 2    사법공조(송달촉탁)

법원주사 유성기

담당재판부 : 제4단독

직통전화 : 841-9134

팩 스 :

e-mail :

재판부 이메일 주소는 문의사항을 연락하기 위한 연락처이므로 재판부 이메일 주소로 전자
문서를 전송하는 경우에는 서면을 제출한 효력이 발생하지 아니함을 유의하시기 바랍니다.
사건진행과 관련된 정보(송달결과 등 포함)는 대한민국 법원 홈페이지
(http://www.scourt.go.kr) '나의 사건검색' 란에서 검색하여 조회할 수 있습니다.

충청북도 음성군 삼성면
상곡리 313-69                    3  6  9  -  8  3  4

대성쎌틱 에너시스 주식회사

15 D600

**REQUEST**
**FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS**
*DEMANDE*
*AUX FINS DE SIGNIFICATION OU DE NOTIFICATION A L'ETRANGER*
*D'UN ACTE JUDICIARE OU EXTRAJUDICIAIRE*

**Convention on the service abroad of judicial and extrajudicial documents in civil or**
**commercial matters, signed at The Hague, November 15, 1965.**
*Convention relative à la signfication et à la notification à l'etranger des actes judiciaries ou extrajudiciares en matière civile*
*ou commerciale, signée à La Haye, le 15 novembre 1965.*

| **Identity and address of the applicant**<br>*Identité et adresse du requérant* | **Address of receiving authority**<br>*Adresse de l'autorité destinataire* |
|---|---|
| Karina J. Shreefer, Esq. and Aaron D. Lukken, Esq.<br>LEGAL LANGUAGE SERVICES<br>8014 State Line Road, Suite 110<br>Leawood, Kansas 66208<br>UNITED STATES OF AMERICA<br>Tel. 1.913.341.3167 | HAGUE CENTRAL AUTHORY FOR KOREA<br>National Court Administration<br>Attn.: Director of International Affairs<br>967, Seocho-dong, Seocho-gu<br>Seoul 137-750<br>REPUBLIC OF KOREA |

The undersigned applicant has the honour to transmit -in duplicate- the document listed below and, in conformity with article 5 or the above-mentioned Convention, requests prompt service of one copy thereof on the addressee, i.e.,
    **(identity and address)**
*Le requérant soussigné a l'honneur de faire parvenir en double exemplaire à l'autorité destinataire les documents ci-dessous énumérés, en la priant conformément à l'article 5 de la Convention précitée, d'en faire remettre sans retard un exemplaire au destinataire, savoir:*
    *(Identité et adresse)*      DAESUNG CELTIC ENERSYS CO., LTD., *formerly known as* DAESUNG CELTIC CO., LTD.
             313-69, Sanggok-RI, Samsung-Myun, Eumsung-Gun Chungbk, 369-834
             REPUBLIC OF KOREA

☒    **(a) in accordance with the provisions of sub-paragraph (a) of the first paragraph or article 5 of the Convention.\* Service in accordance with the**
     *(a) selon les formes légales (article 5, alinéa premier, lettre a).*      **laws of Korea for service of documents in its territory**

☐    ~~(b) in accordance with the following particular method (sub-paragraph (b) of the first paragraph of article 5)\*:~~
     *~~(b) selon la forme particulière suivante (article 5, alinèa premier. lettre b) :~~*

_____

_____

☐    ~~(c) by delivery to the addressee, if he accepts it voluntarily (second paragraph of article 5)\*.~~
     *~~(c) le cas échéant, par remise simple (article 5, alinéa 2).~~*

The authority is requested to return or to have returned to the applicant a copy of the documents-and of the annexes\*--with a certificate as provided on the reverse side.
*Cette autorité est priée de renvoyer ou de faire renvoyer au requérant un exemplaire de l'acte--et de ses annexes-- avec l'attestation figurant au verso.*

**THE PERSON AND ENTITIES WITHIN THE UNITED STATES COMPETENT TO FORWARD SERVICE REQUESTS PURSUANT TO ARTICLE 3 INCLUDE ANY COURT OFFICIAL; ANY ATTORNEY; OR ANY OTHER PERSON OR ENTITY AUTHORIZED BY THE RULES OF THE COURT.**
(See U.S. declaration to the 1965 Convention at the Hague Conference website: http://www.hcch.net/index_en.pkp?act=authorities.details&aid=279).

**List of documents**
*Enumération des pieces*

| | |
|---|---|
| Executed "Request," in duplicate | |
| "Certificate" (unexecuted), in duplicate | **Done at**    Leawood, Kansas, U.S.A.   , the   7 Dec. 2015 |
| "Summary," in duplicate | *Fait à* _____ , *le* _____ |
| "Notice," in duplicate | |
| Summons, in English and Korean, in duplicate | **Signature and/or stamp.** |
| Complaint, in English and Korean, in duplicate | *Signature et/ou cachet.* |
| | |
| | |
| | |

\*   **Delete if inappropriate.**
    *Rayer les mentions inutiles*                     **1**

(Formerly OBD-116 which was formerly LAA-116,         USM-94
both of which may still be used)                (Est. 11/22/77)

## SUMMARY OF THE DOCUMENT TO BE SERVED
*ELEMENTS ESSENTIELS DE L'ACTE*

**Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965.**
*Convention relative à la signification et à la notification à l'etranger des actes judiciaires et extrajudiciares en matière civile au commerciale. signée à La Haye, le 15 Novembre 1965.*

**(article 5, fourth paragraph)**
*(article 5, alinéa 4)*

| | |
|---|---|
| **Name and address of the requesting authority:** *Nom et adresse de l'autorité requérante :* | Karina J. Shreefer, Esq. and Aaron D. Lukken, Esq. LEGAL LANGUAGE SERVICES |
| | 8014 State Line Road, Suite 110, Leawood, Kansas 66208, U.S.A. |
| | Tel. 1.913.341.3167 |

**Particulars of the parties\*:**
*Identité des parties :*     WESTERN NATIONAL MUTUAL INS. CO. as subrogee of Matthew Eberhardt, *Plaintiff*

**DAESUNG CELTIC ENERSYS CO., LTD.,** *formerly known as* **DAESUNG CELTIC CO., LTD.,** a foreign corporation, CHALLENGER SUPPLY HOLDINGS, INC., a foreign corporation, and QUIETSIDE CORPORATION, a foreign corporation, *Defendants*

### JUDICIAL DOCUMENT\*\*
*ACTE JUDICIAIRE*

**Nature and purpose of the document:**
*Nature et objet de l'acte :*     To give notice to the Defendant of the commencement of a civil claim against it and to summon it to answer or otherwise respond.

**Nature and purpose of the proceedings and, where appropriate, the amount in dispute:**
*Nature et objet de l'instance, le cas échéant, le montant du litige :*     A civil action has been commenced against the Defendant.

**Date and place for entering appearance\*\*:**
*Date et lieu de la comparution :*     Within twenty (20) days of the date of receipt of the Summons before the State of Minnesota District Court, First Judicial District, County of Le Sueur, located at: 88 South Park Avenue, Le Center, Minnesota 56057, U.S.A.

**Court which has given judgment\*\*:**
*Juridiction qui a rendu la décision :*     N/A

**Date of judgment\*\*:**
*Date de la décision :*     N/A

**Time limits stated in the document\*\*:**
*Indication des délais figurant dans l'acte :*     Defendant must give or mail to Plaintiff's Attorney (Borgelt, Powell, Peterson & Frauen S.C.) a written response called an Answer within twenty(20) days of the date of receipt of the Summons.  If Defendant does not Answer within twenty (20) days, it will lose the case.  Defendant will not get to tell its side of the story, and the Court may decide against it and award the Plaintiff everything asked for in the Complaint.  A default judgment can then be entered against it for the relief requested in the Complaint.

### EXTRAJUDICIAL DOCUMENT\*\*
*ACTE EXTRAJUDICIAIRE*

**Nature and purpose of the document:**
*Nature et objet de l'acte :*     N/A

**Time limits stated in the document\*\*:**
*Indication des délais figurant dans l'acte :*     N/A

---

\*    **If appropriate, identity and address of the person interested in the transmission of the document.**
    *S'il y a lieu, identité et adresse de la personne intéressée à la transmission de l'acte.*
\*\*  **Delete if inappropriate.**
    *Rayer les mentions inutiles*                                      3

★U.S. Government Printing Office: 1990-262-211/15302

**NOTICE**
**(recommended by the Fourteenth Session**
**of Hague Conference of October, 1980)**

**identity and address of the addressee**
*identité et adresse du destinataire*

---

DAESUNG CELTIC ENERSYS CO., LTD.
*formerly known as* DAESUNG CELTIC CO., LTD.
313-69, Sanggok-RI
Samsung-Myun
Eumsung-Gun Chungbuk, 369-834
REPUBLIC OF KOREA

---

**IMPORTANT**

THE ENCLOSED DOCUMENT IS OF A LEGAL NATURE AND MAY AFFECT YOUR RIGHTS AND OBLIGATIONS. THE "SUMMARY OF THE DOCUMENT TO BE SERVED" WILL GIVE YOU SOME INFORMATION ABOUT ITS NATURE AND PURPOSE. YOU SHOULD, HOWEVER, READ THE DOCUMENT ITSELF CAREFULLY. IT M AY BE NECESSARY TO SEEK LEGAL ADVICE.

IF YOUR FINANCIAL RESOURCES ARE INSUFFICIENT YOU SHOULD SEEK INFORMATION ON THE POSSIBILITY OF OBTAINING LEGAL AID OR ADVICE EITHER IN THE COUNTRY WHERE YOU LIVE OR IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED.

ENQUIRIES ABOUT THE AVAILABILITY OF LEGAL AID OR ADVICE IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED MAY BE DIRECTED TO:

Southern Minnesota Regional Legal Services
Mankato Office
12 Civic Center Plaza, Suite 3000
Mankato, Minnesota 56001
U.S.A.
Tel. 1.507.387.5588

**TRÈS IMPORT ANT**

LE DOCUMENT CI-JOINT EST DE NATURE JURIDIQUE ET PEUT AFFECTER VOS DROITS ET OBLIGATIONS. LES "ELÉMENTS ESSENTIELS DE L'ACTE" VOUS DONNENT QUELQUES INFORMATIONS SUR SA NATURE ET SON OBJET. IL EST TOUTEFOIS INDISPENSABLE DE LIRE ATTENTIVEMENT LE TEXTE MÊME DU DOCUMENT. IL PEUT ÊTRE NÉCESSAIRE DE DEMANDER UN AVIS JURIDIQUE.

SI VOS RESSOURCES SONT INSUFFISANTES, RENSEIGNEZ-VOUS SUR LA POSS!BILITÉ D'OBTENIR L'ASSISTANCE JUDICIAIRE ET LA CONSULTATION JURIDIQUE SOIT DANS VOTRE PAYS SOIT DANS LE PAYS D'ORIGINE DU DOCUMENT.

LES DEMANDES DE RENSEIGNEMENTS SUR LES POSSIBILITÉS D'OBTENIR L'ASSISTANCE JUDICIAIRE OU LA CONSULTATION JURIDIQUE DANS LE PAYS D'ORIGINE DU DOCUMENT PEUVENT ÊTRE ADRESSÉES :

Southern Minnesota Regional Legal Services
Mankato Office
12 Civic Center Plaza, Suite 3000
Mankato, Minnesota 56001
U.S.A.
Tel. 1.507.387.5588



**LEGAL LANGUAGE SERVICES**

*A Division of ALS International, Inc.*
8014 State Line Road
Suite 110
Leawood, KS 66208

Telephone  (913) 341-3167
Toll Free    (800) 755-5775
Telefax     (913) 341-3168
www.legallanguage.com

**December 7, 2015**
2015년 12월 7일

**To whom it may concern:**
관계 당사자 앞:

**This is to certify that the attached translation from English into Korean is an accurate representation of the document received by this office. This document is designated as:**
첨부된 한역 번역이 이 사무소에 수여된 서류의 정확한 사본임을 증명합니다.  이 서류는 다음과 같이 지정됩니다:

**Summons**
소환장

**Maria Victoria Portuguez, Manager of this company, certifies that Bryan Lee, who translated this document, is fluent in Korean and standard North American English and qualified to translate. He/She attests to the following:**
이 회사의 간사인 Maria Victoria Portuguez 은 이 서류를 번역한 Bryan Lee 이 한국어와 표준 북미 영어에 유창하며 번역에 자격이 있음을 증명합니다. 그는 다음을 증명합니다:

**"To the best of my knowledge, the accompanying text is a true, full and accurate translation of the specified document."**
"첨부한 문서는 명기된 서류의 진실되고, 완전하며 정확한 번역임을 확신합니다."

Signature of Maria Victoria Portuguez
Maria Victoria Portuguez 서명

**Subscribed and sworn to before me this on December 7, 2015.**
2015년 12월 7일 에 본인 앞에서 서명하며 선서하였음.

**Vicki Farron**
**Notary Public, State of Kansas**
**Qualified in Johnson County**
**Commission Expires December 9, 2016**

**Sincerely,**
재배

**Victor J. Hertz**
President/사장

Vicki Farron
캔사스 주 공증인
존슨 군에서 자격 부여됨
2016년 12월 9일 임무 만기됨

미네소타 주 [STATE OF MINNESOTA]                                         지방 법원

르쉬외르 [LESUEUR] 카운티                                                첫 번째 재판구
                                                                       사건 유형: 10 - 재산 피해

---

매튜 에버하르트[Matthew Eberhardt]의                          법원 파일 번호:
대위변제자로서 웨스턴 내셔널 뮤추얼
보험회사[Western National Mutual Ins. Co.]

       원고,

대                                                                          소환장

이전에 대성 셀틱 주식회사[Daesung Celtic Co.,
Ltd.]로 알려진 외국 기업인 대성 셀틱 에너시스
주식회사[Daesung Celtic Enersys Co., Ltd.], 외국
기업인 챌린저 서플라이 홀딩스 주식회사[Challenger
Supply Holdings, Inc.] 및 외국 기업인
콰이어트사이드 코포레이션[Quietside Corporation]

       피고들.

---

      이 소환장은 위에 거명된 피고들에게 보내집니다.

    1.    **귀하는 고소되었습니다.** 원고가 귀하를 상대로 소송을 제기했습니다. 귀하에 대한 원고의 고소장이 이 소환장에 첨부되어 있습니다. 이 소환장을 버리지 마십시오. 이것은 귀하의 권리에 영향을 주는 공식 서류입니다. 비록 이 소송이 아직 법원에 제출되지 않았고 이 소환장에 법원 파일 번호가 없다 하더라도 귀하는 이 소송에 응답해야만 합니다.

    2.    **귀하의 권리를 보호 받으려면 20일 이내에 회신해야 합니다.** 귀하는 이 소환장을 받은 날로부터 20일 이내에 답변이라고 하는 **서면 응답**을 이 소환장에 서명한 사람에게 주거나 우송해야 합니다. 이 소환에 서명한 사람에게 아래의 주소로 귀하의 답변의 사본을 보내야 합니다.

    보겔트, 포웰, 피터슨 & 프라우엔 S.C.
    **[BORGELT, POWELL, PETERSON & FRAUEN S.C.]**
    7825 서드 스트리트 노스[7825 3rd Street North]
    스위트 206[Suite 206]
    오크데일, MN 55128[Oakdale, MN 55128]

    3.    **귀하는 각각의 주장에 대해 응답해야 합니다.** 답변이란 원고의 고소에 대한 귀하의 서면 응답을 말합니다. 답변에서 귀하는 고소장의 각 단락에 대해 귀하가 동의하는지 하지 않는지를 진술해야 합니다. 만약 귀하가 원고의 모든 요구를 들어 주어서는 안된다고 믿는다면 답변에서 그렇게 말해야 합니다.

1

4.      만약 귀하가 고소장에 대한 서면 응답을 이 소환장에 서명한 사람에게 보내지 않으면 귀하는 이 소송에서 패소하게 됩니다. 만약 20일 안에 답변을 하지 않으면 이 소송에서 지게 됩니다. 이 경우 귀하의 입장을 말할 수 없게 되어, 법정은 귀하에게 불리하게 결정하고 고소장에서 요구한 모든 것을 원고에게 지급하라는 판정을 내릴 수도 있습니다. 만약 귀하가 이 고소장에서 진술된 주장에 대해 다투기를 원하지 않는다면 응답할 필요가 없습니다. 그러면 고소장에서 요구된 구제를 위해 귀하에 대한 결석 재판에 들어갈 수 있습니다.

5.      **법률적 도움.** 귀하는 변호사로부터 법률적 도움을 받고자 할 수도 있습니다. 만약 귀하가 변호사가 없는 경우, 귀하가 법률적 도움을 얻을 수 있는 곳에 관한 정보를 법정 관리자가 가지고 있을 것입니다. **귀하가 법률적 도움을 얻지 못한다 하더라도, 귀하의 권리를 보호받기 위해서는 서면으로 된 답변을 제공해야 합니다. 만약 그렇지 못할 경우 귀하는 그 소송에서 질 수도 있습니다.**

6.      **대안적 분쟁 해결.** 당사자들은 대안적 분쟁 해결 절차에 참여하기로 합의하거나 미네소타 소송절차 총칙[Minnesota General Rules of Practice] 중 규칙 114에 따라 그렇게 하도록 명령을 받을 수 있습니다. 이 분쟁 해결을 위해 대안적 수단을 사용할 것을 예상하더라도 이 고소장에 대한 귀하의 서면 응답을 보내야만 합니다.

보겔트, 포웰, 피터슨 & 프라우엔 S.C.
**[BORGELT, POWELL, PETERSON & FRAUEN S.C.]**

날짜 : _10-9_, 2015

작성자: [서명] _____
케빈 J. 케네디[Kevin J. Kennedy] (#193872)
포레스트 G. 호퍼[Forrest G. Hopper] (#0389417)
7825 서드 스트리트 노스[7825 3rd Street North]
스위트 206[Suite 206]
오크데일, MN 55128[Oakdale, MN 55128]
전화: (651)256-5000
팩스: (651) 340-1456
_원고측 변호사_

인정

미네소타 법령[Minn. Stat.] § 549.211에 따라, 원고는, 아래에 거명되는 자신의 변호인단을 통해, 이 법령에 서술된대로 반대 당사자에게 제재가 가해질 수도 있다는 것을 알고 있습니다.

[서명] _____
케빈 J. 케네디[Kevin J. Kennedy] (#193872)
포레스트 G. 호퍼[Forrest G. Hopper] (#0389417)

\\BPPFFS2\Documents\KJK\65206 EBERHARDT\Pleadings\Pleadings\Summons.docx

STATE OF MINNESOTA

COUNTY OF LESUEUR

DISTRICT COURT

FIRST JUDICIAL DISTRICT
Case Type: 10-Property Damage

---

Western National Mutual Ins. Co.,
as subrogee of Matthew Eberhardt,

      Plaintiff,

vs.

Daesung Celtic Enersys Co., Ltd., fka
Daesung Celtic Co., Ltd., a foreign
corporation, Challenger Supply Holdings,
Inc., a foreign corporation, and Quietside
Corporation, a foreign corporation,

      Defendants.

Court File No.:

**SUMMONS**

---

THIS SUMMONS IS DIRECTED TO THE ABOVE NAMED DEFENDANTS.

    1. **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

    2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS**. You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

    **BORGELT, POWELL, PETERSON & FRAUEN S.C.**
    7825 3rd Street North
    Suite 206
    Oakdale, MN 55128

    3. **YOU MUST RESPOND TO EACH CLAIM**. The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

1

**4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

**5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case**.

**6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: 10-9 , 2015

**BORGELT, POWELL, PETERSON & FRAUEN S.C.**

By _____
Kevin J. Kennedy (#193872)
Forrest G. Hopper (#0389417)
7825 3rd Street North
Suite 206
Oakdale, MN 55128
Telephone: (651) 256-5000
Fax: (651) 340-1456
*Attorneys for Plaintiff*

## ACKNOWLEDGMENT

Pursuant to Minn. Stat. § 549.211, Plaintiff acknowledges, by its attorneys hereunder, that sanctions may be awarded to the opposing party as outlined in this statute.

_____
Kevin J. Kennedy (#193872)
Forrest G. Hopper (#0389417)

\\BPPFFS2\Documents\KJK\65206 EBERHARDT\Pleadings\Pleadings\Summons.docx

2



**LEGAL LANGUAGE SERVICES**

*A Division of ALS International, Inc.*
8014 State Line Road
Suite 110
Leawood, KS 66208

Telephone  (913) 341-3167
Toll Free    (800) 755-5775
Telefax      (913) 341-3168
www.legallanguage.com

**December 7, 2015**
2015년 12월 7일

**To whom it may concern:**
관계 당사자 앞:

**This is to certify that the attached translation from English into Korean is an accurate representation of the document received by this office. This document is designated as:**
첨부된 한역 번역이 이 사무소에 수여된 서류의 정확한 사본임을 증명합니다. 이 서류는 다음과 같이 지정됩니다:

**Complaint**
소장

**Maria Victoria Portuguez, Manager of this company, certifies that Bryan Lee, who translated this document, is fluent in Korean and standard North American English and qualified to translate. He/She attests to the following:**
이 회사의 간사인 Maria Victoria Portuguez 은 이 서류를 번역한 Bryan Lee 이 한국어와 표준 북미 영어에 유창하며 번역에 자격이 있음을 증명합니다. 그는 다음을 증명합니다:

**"To the best of my knowledge, the accompanying text is a true, full and accurate translation of the specified document."**
"첨부한 문서는 명기된 서류의 진실되고, 완전하며 정확한 번역임을 확신합니다."

_____
**Signature of Maria Victoria Portuguez**
Maria Victoria Portuguez 서명

**Subscribed and sworn to before me this on December 7, 2015.**
2015년 12월 7일 에 본인 앞에서 서명하며 선서하였음.

_____
Vicki Farron
**Notary Public, State of Kansas**
**Qualified in Johnson County**
**Commission Expires December 9, 2016**

Vicki Farron
캔사스 주 공증인
존슨 군에서 자격 부여됨
2016년 12월 9일 임무 만기됨

Sincerely,
재배

**Victor J. Hertz**
President/사장

미네소타 주 [STATE OF MINNESOTA]                                           지방 법원

르쉬외르 [LESUEUR] 카운티                                                첫 번째 재판구
                                                               사건 유형: 10 - 재산 피해

---

매튜 에버하트[Matthew Eberhardt]의                          법원 파일 번호:
대위변제자으로서 웨스턴 내셔널 뮤추얼 보험회사
[Western National Mutual Insurance Company]

         원고,                                                      소장

대

이전에 대성 셀틱 주식회사[Daesung Celtic Co.,
Ltd.]로 알려진 외국 기업인 대성 셀틱 에너시스
주식회사[Daesung Celtic Enersys Co., Ltd.], 외국
기업인 챌린저 서플라이 홀딩스 주식회사[Challenger
Supply Holdings, Inc.], 그리고 외국 기업인
콰이어트사이드 코포레이션[Quietside Corporation]

         피고들.

---

　　　　매튜　에버하트[Matthew　Eberhardt]의　대위변제자인　원고　웨스턴　내셔널　뮤추얼
보험회사[Western　National　Mutual　Insurance　Company]("원고")는　피고들인　이전에　대성　셀틱
주식회사[Daesung Celtic Co., Ltd.]로　알려진　대성　셀틱　에너시스　주식회사[Daesung Celtic Enersys
Co., Ltd.]("대성[Daesung]"),　챌린저　서플라이　홀딩스　주식회사[Challenger Supply Holdings,
Inc.]("챌린저[Challenger]")　　　　및　　　　콰이어트사이드　　　　코포레이션[Quietside
Corporation]("콰이어트사이드[Quietside]")에　대한　소송의　원인으로서　다음과　같이　진술하고
주장합니다.

　　　　1.　　　　관련되는　모든　경우에,　원고는　미네소타　주[State of Minnesota]에서　사업을　하도록
승인된　보험　회사였습니다.

　　　　2.　　　　관련되는　　　모든　　　경우에,　　　원고의　　　피보험자,　　　매튜　　　에버하트[Matthew
Eberhardt]("피보험자")는 130 사우스　웹스터　스트리트,　카소타,　미네소타[130 S. Webster St., Kasota,
Minnesota]에　위치한　자신의　부동산　및　개인　재산(본 "재산")에　대한　보험　보장을　제공하는　부동산
및　자동차　보험을　유지하고　있었습니다.

　　　　3.　　　　피고　대성[Daesung]은　주　사업장이　대한민국　충청북도　음성군　삼성면　상곡리 313-

69, 우편번호 369-834[313-69, Sanggok-RI, Samsung-Myun, Eumsung-Gun Chungbuk. Korea, 369-834]에 위치한 외국기업입니다. 피고는 또한 미국 내 13919 아티저 불러바드, 세리토스, 캘리포니아 90703[13919 Artesia Blvd., Cerritos, CA 90703]에도 사무실을 유지하고 있습니다.

4.    피고 대성[Daesung]은 미네소타 주[State of Minnesota] 내에서 판매되는 무탱크 가스 온수기를 포함하여 보일러 및 기타 가열기구들을 설계하고 제조합니다. 대성[Daesung]은 미네소타 주[State of Minnesota] 내에서 자신의 제품을 마케팅, 판매 및 서비스하는 딜러, 대리자 및/또는 직원을 보유합니다.

5.    피고 대성[Daesung]은 본 재산에 설치된 120 BTU "콰이어트사이드[Quietside]" 상표의 순간 온수기, 모델 #ODW-120A( "본 제품")를 설계, 제조, 조립 및 판매를 하였습니다.

6.    피고 대성[Daesung]은 의도적으로 미네소타 주[State of Minnesota]내에서 유통, 수송, 판매 및/또는 사용되는 상업상 유통 경로에 그 제품을 들여놓음으로써, 또한 의도적으로 미네소타 주[State of Minnesota]내에서 자신의 제품들을 서비스함으로써 미네소타 주[State of Minnesota] 법의 적용 대상이 되었습니다.

7.    피고 챌린저[Challenger]는 주 사업장이 4500 멀컨타일 플라자 드라이브, 스위트 300, 포트워스, 텍사스 76137[4500 Mercantile Plaza Drive, Suite #300, Fort Worth, TX 76137]에 위치한 외국기업입니다. 챌린저[Challenger]는 피고 콰이어트사이드[Quietside]의 계승 기업이며 이 제품을 비롯한 대성[Daesung] 제품의 수입자이자 승인된 유통업자입니다.

8.    피고 챌린저[Challenger]는 의도적으로 미네소타 주[State of Minnesota]내에서 유통, 수송, 판매 및/또는 사용되는 상업상 유통경로에 그 제품을 들여놓음으로써 미네소타 주[State of Minnesota] 법의 적용 대상이 되었습니다.

9.    관련되는 모든 경우에, 피고 콰이어트사이드[Quietside]는 주 사업장이 776 헨리에타 크릭 로드, 스위트 100 로아노크, 텍사스 76262[776 Henrietta Creek Rd, Suite 100 Roanoke, TX 76262]및/또는 8750 파이어니어 불러바드, 산타페 스프링스, 캘리포니아[8750 Pioneer Blvd., Santa Fe Springs, California]에 위치한 외국기업이었습니다. 콰이어트사이드[Quietside]는 현재 본 제품을 비롯한 대성[Daesung] 제품의 수입자이자 승인된 유통업자이거나 과거에 그러했습니다.

10. 피고 콰이어트사이드[Quietside]는 의도적으로 미네소타 주[State of Minnesota]내에서 유통, 수송, 판매 및/또는 사용되는 상업상 유통경로에 그 제품을 들여놓음으로써 미네소타 주[State of Minnesota] 법의 적용 대상이 되었습니다.

11. 2014 년 11 월 17 일에 본 제품은 고장이 나고 본 재산에 직접적으로 피해를 입힌 원인이 되는 불을 일으켰습니다.

12. 본 화재는 2014 년 11 월에 대성[Daesung]이 인정함으로써 본 제품 및 기타 이와 비슷한 제품들을 리콜하도록 만든 결함들에 국한되지는 않으나 이것을 포함하는, 본 제품의 결함 때문이었습니다.

13. 본 화재 손실의 직접적인 결과로, 피보험자는 $409,383.23 의 피해를 입었습니다.

14. 보험 약관의 조건에 따라, 원고는 피보험자에게 또한 피보험자를 대신하여 본 화재로 인한 피해를 위해 지불했으므로, 그 지불의 한도에 해당하는 금액에 대하여 피보험자의 모든 권리 및 소송의 원인에 대한 대위변제자가 되었습니다.

<u>소인 I - 과실</u>

원고는, 피고들에 대한 소송의 첫 번째 원인으로, 위 단락 1 부터 14 까지를 재통합하며 추가적으로 다음과 같이 진술하고 주장합니다.

15. 피고들은 본 제품을 설계, 제조, 조립, 포장, 마케팅, 유통 및/또는 판매에 있어 과실을 범하였고, 그로 인해 해당하는 기준을 위배하고 위에 언급된 손해를 직접적으로 초래하였습니다. 이러한 과실에는 이것에 국한되지는 않으나 다음과 같은 것이 포함됩니다: (1) 본 제품을 결함 있게 제조하거나 또는 본 제품에 결함이 있거나 맞지 않는 부품을 넣음; (2) 본 제품 및 기타 내부 부품의 설계 및/또는 제조를 상당한 정도로 통제할 수 있었으나 그것이 제대로 설계 및/또는 제조되도록 하지 못함. (3) 본 제품이 결함이 있다는 것과 그것이 화재의 위험을

3

초래하고 발생시켰다는 것을 알았지만 그 결함을 해결하기 위해 적절하고 합리적인 조치를 취하지 못함; (4) 본 제품의 구매자 및 에버하트 씨[Mr. Eberhardt]를 포함하는 사용자들에게 본 제품과 관련된 위험과 결함에 대해 경고하지 못함.

16.    피고들의 과실의 직접적이고 근접하며 예상가능한 결과로서, 원고는 위에 언급된 손해를 입었습니다.

### 소인 II - 엄격 책임

원고는, 피고들에 대한 소송의 두 번째 원인으로, 위 단락 1 부터 16 까지를 재통합하며 추가적으로 다음과 같이 진술하고 주장합니다.

17.    본 제품은 설계 및 제조에 있어 결함이 있고 비합리적으로 위험했으며 그 결함은 본 제품이 피고들의 통제를 벗어났을 때 이미 존재했습니다.

18.    그 결함은 본 제품이 합리적이고 예상가능한 방법으로 사용되었을 때 사용자 또는 소비자에게 위험하도록 만들었습니다.

19.    구매 날짜와 화재 손실 날짜 사이에 본 제품에 대한 어떠한 개조, 변경 또는 오용도 없었습니다.

20.    본 제품이 구입되어 주택에 설치되고 사용되는 것은 합리적으로 예상가능한 일이었습니다. 따라서, 본 제품이 정상적이고 예상가능한 방법으로 사용되었을때 사람과 본 재산을 포함한 재산에 대해 부상 또는 손해를 초래할 것은 합리적으로 예상가능한 것이었습니다.

21.    피고들은 화재 손실을 초래한 본 제품의 비합리적으로 위험하고 결함있는 특성에 대해 엄격하게 책임이 있습니다.

22.    비합리적으로 위험하고 결함있는 본 제품의 직접적이고 근접한 결과로 원고는 위에 언급된 손해를 입었습니다.

## 소인 III - 경고 실패

원고는, 피고들에 대한 소송의 세 번째 원인으로, 위 단락 1 부터 22 까지를 재통합하며 추가적으로 다음과 같이 진술하고 주장합니다.

23.    피고들은 본 화재 손실 날짜 이전에 본 제품 및 이와 유사한 제품들의 비합리적으로 위험하고 결함 있는 특성에 대해 알았거나 알았어야만 합니다.

24.    피고들은 본 제품과 관련된 위험하고 결함 있는 조건에 대해 경고하는데 실패했습니다.

25.    본 제품이 구입되어 주택에 설치되고 사용되는 것은 합리적으로 예상가능한 일이었습니다. 따라서, 본 제품이 정상적이고 예상가능한 방법으로 사용되었을때 사람과 본 재산을 포함한 재산에 대해 부상 또는 손해를 초래할 것은 합리적으로 예상가능한 것이었습니다.

26.    이 경고 실패는 위에 언급된 손해를 직접적으로 초래했습니다.

27.    이 비합리적으로 위험한 결함에 대해 피고들이 적절히 경고하지 못한 직접적이고 근접한 결과로, 원고는 위에 언급된 손해를 입었습니다.

## 소인 IV - 보증 위반

원고는, 피고들에 대한 소송의 네 번째 원인으로, 위 단락 1 부터 27 까지를 재통합하며 추가적으로 다음과 같이 진술하고 주장합니다.

28.    피고들은 결함 있는 본 제품을 상업상 유통 경로에 투입했습니다.

29.    본 제품 및/또는 그 부품들은 결함이 있었고 그 결함이 위에 언급된 손해를 초래했습니다.

30.    피고들은 본 제품의 판매 과정에서 명시적 및 암시적 보증을 했습니다.

31.     본 제품의 결함으로 인해, 피고들은 특정 목적을 위한 상품성 혹은 적합성에 대한 명시적 보증 및 암시적 보증을 위반했습니다.

32.     피고들은 본 화재 손실에 대해 통보를 받았고 그 화재로 인한 손해에 대해 배상할 기회가 주어졌으나 그렇게 하는 데 실패 및/또는 거절했습니다.

33.     피고들의 보증 위반의 직접적이고 근접한 결과로, 원고는 위에 언급된 손해를 입었습니다.

**그러므로,** 원고는 이로써 여기에 주장된 비용 및 지불금과 이에 대한 이자를 합한 금액인 $409,383.23 과 본 법정이 정당하고 타당하다고 여기는 기타 모든 구제를 피고들에 대해, 공동으로 그리고 개별적으로, 판결해 줄 것을 요청합니다.

보겔트, 포웰, 피터슨 **& 프라우엔 S.C.**
**[BORGELT, POWELL, PETERSON & FRAUEN S.C.]**

날짜 : _10-9_, 2015

작성자: [서명] _____
      케빈 J. 케네디[Kevin J. Kennedy] (#193872)
      포레스트 G. 호퍼[Forrest G. Hopper] (#0389417)
      7825 서드 스트리트 노스[7825 3rd Street North]
      스위트 206[Suite 206]
      오크데일, MN 55128[Oakdale, MN 55128]
      전화: (651)256-5000
      팩스: (651) 340-1456
      *원고측 변호사*

인정

미네소타 법령[Minn. Stat.] § 549.211 에 따라, 원고는, 아래에 거명되는 자신의 변호인단을 통해, 이 법령에 서술된대로 반대 당사자에게 제재가 가해질 수도 있다는 것을 알고 있습니다.

      [서명] _____
      케빈 J. 케네디[Kevin J. Kennedy] (#193872)
      포레스트 G. 호퍼[Forrest G. Hopper] (#0389417)

\\BPPFFS2\Documents\KJK\65206 EBERHARDT\Pleadings\Pleadings\Complaint.docx

STATE OF MINNESOTA

DISTRICT COURT

COUNTY OF LE SUEUR

FIRST JUDICIAL DISTRICT
Case Type: 10-Property Damage

---

Western National Mutual Insurance
Company, as subrogee of Matthew Eberhardt,

        Plaintiff,

vs.

Daesung Celtic Enersys Co., Ltd., fka
Daesung Celtic Co., Ltd., a foreign
corporation, Challenger Supply Holdings,
Inc., a foreign corporation, and Quietside
Corporation, a foreign corporation,

        Defendants.

Court File No.:

**COMPLAINT**

---

Plaintiff Western National Mutual Insurance Company, as subrogee of Matthew Eberhardt ("Plaintiff"), as and for its causes of action against Defendants Daesung Celtic Enersys Co., Ltd., fka Daesung Celtic Co., Ltd., ("Daesung"), Challenger Supply Holdings, Inc. ("Challenger"), and Quietside Corporation ("Quietside"), states and alleges:

    1.    At all relevant times, Plaintiff was an insurance company authorized to conduct business in the State of Minnesota.

    2.    At all relevant times, Plaintiff's insured, Matthew Eberhardt ("Insured"), maintained homeowner's and automobile insurance policies providing coverage for his real and personal property located at 130 S. Webster St., Kasota, Minnesota (the "Property").

    3.    Defendant Daesung is a foreign corporation with its principal place of business located at 313-69, Sanggok-RI, Samsung-Myun, Eumsung-Gun Chungbuk. Korea, 369-834.  It also maintains an office in the United States at 13919 Artesia Blvd., Cerritos, CA 90703.

4.    Defendant Daesung designs and manufactures boilers and other heating appliances that are sold within the State of Minnesota, including tankless gas water heaters. Daesung has dealers, agents and/or representatives who market, sell and service its products in the State of Minnesota.

5.    Defendant Daesung designed, manufactured, assembled and sold a 120 BTU "Quietside" brand instantaneous water heater, model #ODW-120A (the "Product") that was installed at the Property.

6.    Defendant Daesung availed itself of the laws of the State of Minnesota by knowingly entering the Product into the stream of commerce that was distributed, transported, sold, and/or used in the State of Minnesota and by knowingly servicing its products in the State of Minnesota.

7.    Defendant Challenger is a foreign corporation with its principal place of business located at 4500 Mercantile Plaza Drive, Suite #300, Fort Worth, TX 76137. Challenger is a successor-in-interest to Defendant Quietside and is an importer and authorized distributor of Daesung products including the Product.

8.    Defendant Challenger availed itself of the laws of the State of Minnesota by knowingly entering the Product into the stream of commerce that was distributed, transported, sold, and/or used in the State of Minnesota.

9.    At all relevant times, Defendant Quietside was a foreign corporation with its principal place of business located at 776 Henrietta Creek Rd, Suite 100 Roanoke, TX 76262 and/or 8750 Pioneer Blvd., Santa Fe Springs, California. Quietside is or was an importer and authorized distributor of Daesung products including the Product.

10..    Defendant Quietside availed itself of the laws of the State of Minnesota by knowingly entering the Product into the stream of commerce that was distributed, transported, sold, and/or used in the State of Minnesota.

11.    On November 17, 2014, the Product failed and ignited a fire which directly caused damage to the Property.

12.    The fire was caused by defects in the Product, including, but not limited to, those defects admitted by Daesung which lead to the recall of the Product and others like it in November 2014.

13.    As a direct result of the fire loss, the Insured suffered damages in the amount of $409,383.23.

14.    Pursuant to the terms of its insurance policy, Plaintiff made payments to and on behalf of the Insured for the damages resulting from the fire and thereby became subrogated to all of the Insured's rights and causes of action to the extent of such payments.

### COUNT I – NEGLIGENCE

Plaintiff, for its first cause of action against Defendants, reincorporates Paragraphs 1 through 14 above and further states and alleges:

15.    Defendants were negligent in the design, manufacture, assembly, packaging, marketing, distribution and/or sale of the Product, thereby breaching the applicable standard of care and directly causing the above-referenced damages.  Such negligence includes, but is not limited to: (1) manufacturing a defective Product and/or incorporating defective or incompatible components into the Product; (2) exercising significant control over the design and/or manufacture of the Product and other internal components but failing to ensure they were properly designed and/or manufactured; (3) having knowledge that the Product was defective

3

and that it caused and created the risk of fire, but failing to take appropriate and reasonable steps to remedy the defect; and (4) failing to warn users, including the purchaser of the Product and Mr. Eberhardt, of the dangers and defects associated with the Product..

16.    As the direct, proximate, and foreseeable result of Defendants' negligence, Plaintiff sustained the above-referenced damages.

## COUNT II – STRICT LIABILITY

Plaintiff, for its second cause of action against Defendants, reincorporates Paragraphs 1 through 16 above and further states and alleges:

17.    The Product was defective and unreasonably dangerous in design and manufacture and the defects existed when the Product left the control of Defendants.

18.    The defects caused the Product to be dangerous to the user or consumer when used in a reasonable and foreseeable manner.

19.    There was no modification, alteration or misuse of the Product between the date of purchase and the fire loss.

20.    It was reasonably foreseeable that the Product would be purchased, installed, and used in residences.  As a result, it was reasonably foreseeable that the Product would cause injury or damage to persons and property, including the Property, when used in an ordinary and foreseeable manner.

21.    Defendants are strictly liable for the unreasonably dangerous and defective nature of the Product which caused the fire loss.

22.    As a direct and proximate result of the unreasonably dangerous and defective Product, Plaintiff sustained the above-referenced damages.

4

## COUNT III – FAILURE TO WARN

Plaintiff, for its third cause of action against Defendants, reincorporates Paragraphs 1 through 22 above and further states and alleges:

23.    Defendants were, or should have been, aware of the unreasonably dangerous and defective nature of the Product and products like it prior to the date of the fire loss.

24.    Defendants failed to warn of the dangerous and defective conditions associated with the Product.

25.    It was reasonably foreseeable that the Product would be purchased, installed, and used in residences.  As a result, it was reasonably foreseeable that the Product would cause injury or damage to persons and property, including the Property, when used in an ordinary and foreseeable manner.

26.    The failure to warn directly caused the above-referenced damages.

27.    As a direct and proximate result of Defendants' failure to properly warn of the unreasonably dangerous defects, Plaintiff sustained the above-referenced damages.

## COUNT IV – BREACH OF WARRANTY

Plaintiff, for its fourth cause of action against Defendant, reincorporates Paragraphs 1 through 27 above and further states and alleges:

28.    Defendants placed the defective Product into the stream of commerce.

29.    The Product and/or its components were defective and the defects caused the above-referenced damages.

30.    Defendants made express and implied warranties in the course of the sale of the Product.

31.     By virtue of the defective nature of the Product, Defendants breached the express warranties and the implied warranties of merchantability and fitness for a particular use.

32.     Defendants were notified of the fire loss and were provided an opportunity to indemnify Plaintiff for the damages resulting from the fire but have failed and/or refused to do so.

33.     As a direct and proximate result of Defendants' breaches of warranties, Plaintiff sustained the above-referenced damages.

**WHEREFORE,** Plaintiff hereby demands judgment against Defendants, jointly and severally, in the amount of $409,383.23, together with interest thereon and costs and disbursements sustained herein, and any other relief the Court deems just and proper.

Dated: 10-9-<u>&</u>, 2015

BORGELT, POWELL, PETERSON & FRAUEN S.C.

By _____
      Kevin J. Kennedy (#193872)
      Forrest G. Hopper (#0389417)
7825 3rd Street North
Suite 206
Oakdale, MN 55128
Telephone: (651) 256-5000
Fax:  (651) 340-1456
*Attorneys for Plaintiff*

## ACKNOWLEDGMENT

Pursuant to Minn. Stat. § 549.211, Plaintiff acknowledges, by its attorneys hereunder, that sanctions may be awarded to the opposing party as outlined in this statute.

_____
Kevin J. Kennedy (#193872)
Forrest G. Hopper (#0389417)

\\BPPFFS2\Documents\KJK\65206 EBERHARDT\Pleadings\Pleadings\Complaint.docx

6