STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF LE SUEUR                                    FIRST JUDICIAL DISTRICT

                                                      Case Type: 10-Property Damage

---

Western National Mutual Ins. Co. as subrogee    Court File No.:
of Matthew Eberhardt,

    Plaintiff,

v.                                              **DEFENDANT QUIETSIDE,**
                                                **LLC'S ANSWER AND AFFIRMATIVE**
Daesung Celtic Enersys Co., Ltd., fka           **DEFENSES**
Daesung Celtic Co., Ltd., a foreign
corporation, Challenger Supply Holdings,
Inc., a foreign corporation, and Quietside
Corporation, a foreign corporation,

    Defendants.

---

Defendant Quietside, LLC ("Quietside"), formerly known as Quietside Corporation, through its attorneys, hereby answers the Complaint ("Complaint") of Plaintiff Western National Mutual Insurance Company, as subrogee of Matthew Eberhardt ("Plaintiff") as follows:

    1.    In response to Paragraph 1 of the Complaint, Quietside is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

    2.    In response to Paragraph 2 of the Complaint, Quietside is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

    3.    The allegations in Paragraph 3 are not directed to Quietside and, therefore, no response is required. To the extent any of the allegations could be construed to be directed at Quietside, Quietside denies the allegations.

4. The allegations in Paragraph 4 are not directed to Quietside and, therefore, no response is required. To the extent any of the allegations could be construed to be directed at Quietside, Quietside denies the allegations.

5. The allegations in Paragraph 5 are not directed to Quietside and, therefore, no response is required. To the extent any of the allegations could be construed to be directed at Quietside, Quietside denies the allegations.

6. The allegations in Paragraph 6 are not directed to Quietside and, therefore, no response is required. To the extent any of the allegations could be construed to be directed at Quietside, Quietside denies the allegations.

7. The allegations in Paragraph 7 are not directed to Quietside and, therefore, no response is required. To the extent any of the allegations could be construed to be directed at Quietside, Quietside denies the allegations.

8. The allegations in Paragraph 8 are not directed to Quietside and, therefore, no response is required. To the extent any of the allegations could be construed to be directed at Quietside, Quietside denies the allegations.

9. In response to Paragraph 9 of the Complaint, Quietside admits that Quietside is a foreign corporation with its principal place of business located at 776 Henrietta Creek Rd, Suite 100, Roanoke, Texas 76262 and was formerly an importer and authorized distributor of Daesung Celtic Enersys Co. Ltd. ("Daesung Celtic")'s products but denies the remaining allegations of Paragraph 9.

10. Paragraph 10 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Quietside denies, generally and specifically, each and every allegation contained therein.

11. In response to Paragraph 11 of the Complaint, Quietside is without information or knowledge sufficient to form a belief as to the truth of the allegations stated therein and, on that basis, denies them.

12. In response to Paragraph 12 of the Complaint, Quietside denies, generally and specifically, each and every allegation contained therein.

13. In response to Paragraph 13 of the Complaint, Quietside is without information or knowledge sufficient to form a belief as to the truth of the allegations stated therein and, on that basis, denies them.

14. In response to Paragraph 14 of the Complaint, Quietside is without information or knowledge sufficient to form a belief as to the truth of the allegations stated therein and, on that basis, denies them.

## COUNT I - NEGLIGENCE

15. In response to Paragraph 15 of the Complaint, Quietside denies, generally and specifically, each and every allegation contained therein.

16. In response to Paragraph 16 of the Complaint, Quietside denies, generally and specifically, each and every allegation contained therein.

## COUNT II – STRICT LIABILITY

17. In response to Paragraph 17 of the Complaint, Quietside denies, generally and specifically, each and every allegation contained therein.

18. In response to Paragraph 18 of the Complaint, Quietside denies, generally and specifically, each and every allegation contained therein.

19. In response to Paragraph 19 of the Complaint, Quietside denies, generally and specifically, each and every allegation contained therein.

20. Paragraph 20 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Quietside denies, generally and specifically, each and every allegation contained therein.

21. In response to Paragraph 21 of the Complaint, Quietside denies, generally and specifically, each and every allegation contained therein.

22. In response to Paragraph 22 of the Complaint, Quietside denies, generally and specifically, each and every allegation contained therein.

### COUNT III – FAILURE TO WARN

23. In response to Paragraph 23 of the Complaint, Quietside denies, generally and specifically, each and every allegation contained therein.

24. In response to Paragraph 24 of the Complaint, Quietside denies, generally and specifically, each and every allegation contained therein.

25. Paragraph 25 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Quietside denies, generally and specifically, each and every allegation contained therein.

26. In response to Paragraph 26 of the Complaint, Quietside denies, generally and specifically, each and every allegation contained therein.

27. In response to Paragraph 27 of the Complaint, Quietside denies, generally and specifically, each and every allegation contained therein.

### COUNT IV – BREACH OF WARRANTY

28. In response to Paragraph 28 of the Complaint, Quietside denies, generally and specifically, each and every allegation contained therein.

29. In response to Paragraph 29 of the Complaint, Quietside denies, generally and specifically, each and every allegation contained therein.

30. In response to Paragraph 30 of the Complaint, Quietside denies, generally and specifically, each and every allegation contained therein.

31. In response to Paragraph 31 of the Complaint, Quietside denies, generally and specifically, each and every allegation contained therein.

32. In response to Paragraph 32 of the Complaint, Quietside is without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

33. In response to Paragraph 33 of the Complaint, Quietside is without information or knowledge sufficient to form a belief as to the truth of the allegations stated therein and, on that basis, denies them.

## AFFIRMATIVE DEFENSES

Defendant Quietside states and alleges for its affirmative defenses to Plaintiff's Complaint:

34. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

35. Plaintiff's Complaint fails to allege personal jurisdiction.

36. Quietside was a mere wholesale distributor of the product and had no input into the design, manufacture, instructions, or warnings related to the product, and had no actual knowledge of any product defect, and did not create any defect, rendering Quietside not liable under common law and pursuant to Minn. Stat. § 544.41.

37. At all relevant times, Quietside complied with all applicable laws, statutes, rules, regulations, and standards.

38. Plaintiff's insured knowingly and voluntarily assumed any and all risks as to matters alleged in the Complaint, and such assumption of the risk bars, in whole or in part, the damages Plaintiff seeks to recover.

39. At all times mentioned herein, Plaintiff's insured was negligent, careless, and at fault and acted so as to contribute substantially to any alleged risk of injuries and damages. Said negligence, carelessness, and fault of Plaintiff's insured bars, in whole or in part, the damages which Plaintiff seeks to recover herein.

40. Plaintiff's claims should be dismissed, reduced, offset, or barred in accordance with the principles of comparative negligence.

41. Plaintiff's claims are barred by the doctrine of laches.

42. Quietside has not breached, materially or otherwise, any alleged agreement or contract with Plaintiff or Plaintiff's insured and/or any legal duty owed to Plaintiff or Plaintiff's insured.

43. The damages allegedly sustained by Plaintiff, if any, were not legally caused by Quietside, but instead were legally caused by intervening and superseding causes or circumstances.

44. If Plaintiff sustained injuries/damages in this action, which allegations are expressly denied, the injuries/damages were the proximate result of the actions or omissions of third parties over whom Quietside had no control, and for which Quietside cannot be liable.

45. The alleged injuries and/or damages of Plaintiff, if any, were the result of unavoidable circumstances that could not have been prevented by anyone.

46. If Plaintiff sustained injuries/damages in this action, which allegations are expressly denied, the injuries were solely caused by and attributable to unintended, unreasonable, and improper use of the Product by Plaintiff's insured.

47. Plaintiff's damages, if any, are barred in whole or in part by the failure of Plaintiff or Plaintiff's insured to mitigate such damages.

48. The Product was subject to abuse, misuse and/or unforeseeable modification and/or alteration, therefore Plaintiff's claims are barred.

49. Plaintiff's claims are barred, in whole or in part, as a result of substantial modification of the Product by persons other than Quietside.

50. The Product was free from all defects and was reasonably fit for its intended and reasonably anticipated use and was marketed with adequate and sufficient warnings.

51. At the time the Product was sold, it met or exceeded all applicable standards, regulations and laws and met the then prevailing state of the art relating to design and performance and, accordingly, Plaintiff's claims are barred.

52. The Product conformed to all applicable government standards, laws and regulations, and therefore, Plaintiff's claims are barred.

53. Plaintiff's damages, if any, were the result of an open and obvious risk of which Plaintiff's insured was or should have been aware and, accordingly, Plaintiff's claims are barred.

54. Plaintiff's causes of action are barred by the "sophisticated user," "knowledgeable user" or "knowledgeable intermediary" doctrine.

55. A practical and technically feasible alternative design is not available that would have prevented the harm for which Plaintiff seeks to recover without substantially impairing the usefulness, desirability, or intended purpose of said vehicle.

56. Plaintiff's insured failed to follow the warnings or instructions regarding the proper operation of the Product and, as such, Plaintiff's claims are barred.

57. Plaintiff's damages, if any, must be set off against any prior judgments, settlements, or any other payments received from a collateral source.

58. If Plaintiff or any other party has failed or fails to preserve evidence pertaining to the allegedly defective Product, then Plaintiff and/or the other party may not introduce evidence related to or based upon such lost, destroyed or altered evidence, therefore some or all of the claims asserted by Plaintiff and/or any other party may be barred.

59. To the extent not stated above, Quietside raises all affirmative defenses available under the law of the forum in which each respective claim arose.

60. Quietside specifically reserves the right to present other and further defenses after additional discovery and investigation.

**WHEREFORE,** Quietside demands judgment in its favor and against Plaintiff, together with costs, reasonable attorney's fees, and all other such relief that this Court deems proper.

### DEMAND FOR JURY TRIAL

Defendant Quietside demands a jury trial of all issues so triable.

Dated:  December 1, 2015

Respectfully submitted,

NILAN JOHNSON LEWIS PA

Scott M. Rusert – Reg. No. 231113
Brandie L. Morgenroth – Reg. No. 396155
120 South Sixth Street, Suite 400
Minneapolis, MN 55402
Telephone:  (612) 305-7500
Facsimile:    (612) 305-7501
srusert@nilanjohnson.com
bmorgenroth@nilanjohnson.com

Attorneys for Defendant
Quietside, LLC

### ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. § 549.211 to the party or parties against whom the allegations in this pleading are asserted.

8

# AFFIDAVIT OF SERVICE

STATE OF MINNESOTA   )
                     )ss.
COUNTY OF HENNEPIN   )

      Mary B. Piepho of the City of Lakeville, County of Dakota, in the State of Minnesota, being duly sworn, says that on the 1st day of December, 2015, she served the following

Defendant Quietside, LLC's Answer and Affirmative Defenses

on all counsel in this action by mailing to each of them a copy thereof, enclosed in an envelope, postage prepaid and by depositing same in the post office at Minneapolis, Minnesota, directed to said attorneys at their last known addresses, as follows:

Kevin J. Kennedy
Borgelt Powell Peterson & Frauen, S.C.
7825 3rd Street North, Suite 206
Oakdale, MN  55128
Email: kkennedy@borgelt.com

                                       Mary B. Piepho

Subscribed and sworn to before me
this 1st day of December, 2015.

Notary Public



THERESE SUTTON MATYKIEWICZ
NOTARY PUBLIC - MINNESOTA
My Commission Expires
January 31, 2020