## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Western National Mutual Ins. Co. as subrogee of Matthew Eberhardt, | Civil No. 16-cv-00150 DSD/FLN |
| Plaintiff, | |
| v. | **DEFENDANT QUIETSIDE, LLC'S ANSWERS TO PLAINTIFF'S INTERROGATORIES TO DEFENDANTS** |
| Daesung Celtic Enersys Co., Ltd., fka Daesung Celtic Co., Ltd., a foreign corporation, Challenger Supply Holdings, Inc., a foreign corporation, and Quietside Corporation, a foreign corporation, | |
| Defendants. | |

COMES NOW, Defendant Quietside, LLC (hereinafter referred to as "Quietside"), formerly known as Quietside Corporation, and by and through its counsel responds to Plaintiff's Interrogatories, as follows:

### PRELIMINARY STATEMENT

1.    All answers and responses are given in good faith based upon the information currently available.  The answers are given based on facts presently known, or believed to be known by Quietside at the time of its answers and are based upon the best available knowledge.  They are not based on information from former Quietside employees who are no longer under the control of Quietside or now deceased.

2.    Quietside specifically reserves the right to amend, supplement, modify or otherwise change these responses in the event that it acquires additional information responsive to these requests, or if it appears that administrative or inadvertent omissions

1

Quietside's Answers to Interrogatories

**EXHIBIT E**

or errors have been made. Quietside further reserves the right to supplement these responses with information obtained through continuing discovery, investigation, examination, and cross-examination.

3.     Nothing contained in any response herein shall be deemed to be an admission, concession or waiver by Quietside to the validity of any claim asserted by plaintiff against Quietside.

4.     The "subject water heater" refers to the Quietside Water Heater, Model No. ODW-120B at issue in the subject lawsuit.

For each of the following responses to the present interrogatories, Quietside incorporates the foregoing Preliminary Statement.

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:**     State the full name, address and present occupation, or official capacity with corporation, of the person giving answers to these interrogatories.

**ANSWER:**

Quietside responds that these are its corporate responses. The interrogatories are not answered by any one person. The information is gathered as a result of inquiries made by legal counsel involved in this case. Quietside's counsel assisted in the preparation of these responses.

**INTERROGATORY NO. 2:**     State the full name, present address and present occupation of every person known to Defendants who has knowledge of any facts pertaining to the above entitled lawsuit and give a brief statement of the facts believed to be known by each person.

2

**ANSWER:**

Quietside refers plaintiff to the witnesses identified in Plaintiff's Rule26(a)(1)

Initial Disclosures and Defendants' Rule 26(a)(1) Initial Disclosures. Quietside reserves

the right to supplement this response at a later date, including at the time of trial.

**INTERROGATORY NO. 3:**    State the full name, occupation and employer of each
and every person from whom Defendants, its attorneys or any other person or company
representing Defendants, have obtained a "statement" as defined in Rule 26(b)(3)(C),
Fed. R. Civ. P., relating to this lawsuit and state the date of each "statement".

**ANSWER:**

Quietside does not have any statements as defined in Federal Rules of Civil

Procedure Rule 26(b)(3)(C). Quietside reserves the right to supplement this response at a

later date, including at the time of trial, as investigation continues.

**INTERROGATORY NO. 4:**    State the name and present address of each and every
person whom Defendant expects to call as an "expert witness" at the trial of the above
captioned lawsuit.

**ANSWER:**

Quietside objects to this interrogatory on the grounds that plaintiff prematurely

seeks expert disclosures. Subject to and without waiving its objections, Quietside will

identify any expert witnesses required by Federal Rules of Civil Procedure Rule 26 in

accordance with the Court's scheduling order.

**INTERROGATORY NO. 5:**    With respect to each expert identified in your answer
to the preceding interrogatory, state the following:

       a) the area of expertise of said expert, his/her educational background and
          experience;
       b) the subject matter on which said expect is expected to testify;
       c) the facts and opinions to which said expert is expected to testify; and
       d) the grounds for said opinion.

**ANSWER:**

Quietside objects to this interrogatory on the grounds that plaintiff prematurely

seeks expert disclosures.  Subject to and without waiving its objections, Quietside will

produce any expert opinions required by Federal Rules of Civil Procedure Rule 26 in

accordance with the Court's scheduling order.

**INTERROGATORY NO. 6:**    State whether or not you claim that Plaintiff's rights
have been affected, controlled, limited or established by any admissions or acts made by,
undertaken or committed by or on behalf of Plaintiff or its subrogor.

**ANSWER:**

Quietside objects to this interrogatory on the grounds that the terms "plaintiff's

rights have been affected, controlled, limited or established…" are vague and ambiguous.

Quietside further objects on the grounds that plaintiff prematurely seeks expert

disclosures.  Subject to and without waiving its objections, Quietside states that based on

investigation to date, plaintiff's claims may be barred in whole or in part due to negligent

acts of plaintiff's insured.  Quietside reserves the right to supplement this response at a

later date, including at the time of trial, and will produce any expert opinions required by

Federal Rules of Civil Procedure Rule 26 in accordance with the Court's scheduling

order.

**INTERROGATORY NO. 7:**    If the answer to the preceding interrogatory is in the
affirmative, state the following:

a) what was said, written or done to constitute said admission or act;
b) the date upon which you claim said admission or act occurred;
c) identify all persons who stated, overheard or observed said admissions or acts;
   and
d) what, if anything, Defendants did in reliance thereon.

4

**ANSWER:**

See Answer to Interrogatory No. 6.

**INTERROGATORY NO. 8:**    State with specificity and not in summary fashion all facts supporting your allegation in Paragraph 1 of Defendant Daesung's Affirmative Defenses, and provide the following:

   a) identify all witnesses having knowledge of said facts;
   b) identify all documents supporting said allegation.

**ANSWER:**

This interrogatory is not directed to Quietside and, therefore, no response is

required.

**INTERROGATORY NO. 9:**    State with specificity and not in summary fashion all facts supporting your allegation in Paragraph 3 of Defendant Daesung's Affirmative Defenses, and provide the following:

   a) identify all witnesses having knowledge of said facts;
   b) identify all documents support said allegation.

**ANSWER:**

This interrogatory is not directed to Quietside and, therefore, no response is

required.

**INTERROGATORY NO. 10:**    State with specificity and not in summary fashion all facts supporting your allegation in Paragraph 6 of Defendant Daesung's Affirmative Defenses, and provide the following:

   a) identify all witnesses having knowledge of said facts;
   b) identify all documents supporting said allegation.

**ANSWER:**

This interrogatory is not directed to Quietside and, therefore, no response is

required.

**INTERROGATORY NO. 11:**    State with specificity and not in summary fashion all facts supporting your allegation in Paragraph 13 of Defendant Daesung's Affirmative Defenses, and provide the following:

    a)  identify all witnesses having knowledge of said facts;
    b)  identify all documents supporting said allegation.

**ANSWER:**

       This interrogatory is not directed to Quietside and, therefore, no response is

required.

**INTERROGATORY NO. 12:**    State with specificity and not in summary fashion all facts supporting your allegation in Paragraph 15 of Defendant Daesung's Affirmative Defenses, and provide the following:

    a)  identify all witnesses having knowledge of said facts;
    b)  identify all documents supporting said allegation.

**ANSWER:**

       This interrogatory is not directed to Quietside and, therefore, no response is

required.

**INTERROGATORY NO. 13:**    State with specificity and not in summary fashion all facts supporting your allegation in Paragraph 23 of Defendant Daesung's Affirmative Defenses, and provide the following:

    a)  identify all witnesses having knowledge of said facts;
    b)  identify all documents supporting said allegation.

**ANSWER:**

       This interrogatory is not directed to Quietside and, therefore, no response is

required.

**INTERROGATORY NO. 14:**    State with specificity and not in summary fashion all facts supporting your allegation in Paragraph of Defendant Daesung's Affirmative Defenses, and provide the following:

a) identify all witnesses having knowledge of said facts;
b) identify all documents supporting said allegation.

**ANSWER:**

This interrogatory is not directed to Quietside and, therefore, no response is

required.

**INTERROGATORY NO. 15:**    Identify the representative of each Defendant most
knowledgeable about the recall of the instantaneous water heater at issue in this case,
including but not limited to, the nature of the defect or issue leading to the recall, the fire
hazard associated with the defect or issue leading to the recall, and the mode of failure.

**ANSWER:**

Based on information to date, Quietside did not conduct the recall for the subject

water heater model.

**INTERROGATORY NO. 16:**    Identify all employees of each Defendant who have, at
any time since 2010, held the position of Risk Manager, Quality Control Manager, or
similar position who were aware of claims of defects, failures, or malfunctions of the
instantaneous water heater at issue in this case and any other versions or models of the
product that are subject to the recall.

**ANSWER:**

Based on information to date, as of 2013, Challenger Supply assumed all assets

and liabilities of Quietside, and Quietside did not conduct the recall in November 2014

Accordingly, this interrogatory should be directed to another defendant.

7

Dated:  May 25, 2016                **NILAN JOHNSON LEWIS PA**

                                    By:   /s/ Scott M. Rusert
                                          Scott M. Rusert (#231113)
                                          Brandie L. Morgenroth (#396155)
                                    120 South 6th Street, Suite 400
                                    Minneapolis, MN  55402
                                    (612) 305-7500
                                    srusert@nilanjohnson.com
                                    bmorgenroth@nilanjohnson.com

                                    **ATTORNEYS FOR DEFENDANTS**

Quietside's Answers to Interrogatories

## DECLARATION

I hereby declare under penalty of perjury and pursuant to Title 28, U.S. Code, Judiciary and Judicial Procedure of § 1746 "Unsworn Declaration Under Penalty of Perjury" that the foregoing is true and correct.

Executed on: _____5-25-16_____

By:  /Jin H. "Kevin" Park

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Western National Mutual Ins. Co. as subrogee of Matthew Eberhardt, | Civil No. 16-cv-00150 DSD/FLN |
| Plaintiff, | |
| v. | **DEFENDANT QUIETSIDE, LLC'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS** |
| Daesung Celtic Enersys Co., Ltd., fka Daesung Celtic Co., Ltd., a foreign corporation, Challenger Supply Holdings, Inc., a foreign corporation, and Quietside Corporation, a foreign corporation, | |
| Defendants. | |

COMES NOW, Defendant Quietside, LLC (hereinafter referred to as "Quietside"), formerly known as Quietside Corporation, and by and through its counsel responds to Plaintiff's Request for Production of Documents, upon information and belief as follows:

## PRELIMINARY STATEMENT

1.     All answers and responses are given in good faith based upon the information currently available.  The answers are given based on facts presently known, or believed to be known by Quietside at the time of its answers and are based upon the best available knowledge.  They are not based on information from former Quietside employees who are no longer under the control of Quietside or now deceased.

2.     Quietside specifically reserves the right to amend, supplement, modify or otherwise change these responses in the event that it acquires additional information responsive to these requests, or if it appears that administrative or inadvertent omissions

or errors have been made.  Quietside further reserves the right to supplement these responses with information obtained through continuing discovery, investigation, examination, and cross-examination.

3.      Nothing contained in any response herein shall be deemed to be an admission, concession or waiver by Quietside to the validity of any claim asserted by plaintiff against Quietside.

4.      The "subject water heater" refers to the Quietside Water Heater, Model No. ODW-120B at issue in the subject lawsuit.

For each of the following responses to the present requests, Quietside incorporates the foregoing Preliminary Statement.

## RESPONSES TO REQUEST TO PRODUCE

**REQUEST FOR PRODUCTION NO. 1:**      All photographs and/or videotapes in Defendant's possession relating to the property which is the subject of this lawsuit.

**RESPONSE:**

Quietside refers plaintiff to the previously produced photographs taken at the fire scene inspection on December 15, 2014 and the destructive examination on April 14, 2015.

**REQUEST FOR PRODUCTION NO. 2:**      All documents which Defendants intend to offer at time of trial.

**RESPONSE:**

Quietside objects to this request as premature.  Quietside will produce trial exhibits in accordance with the Court's scheduling order.  Subject to and without waiving its objections, Quietside refers plaintiff to the documents referenced in Plaintiff's and

2

Defendants' Initial Disclosures.  Quietside reserves the right to supplement this response at a later date, including at the time of trial, as investigation continues.

**REQUEST FOR PRODUCTION NO. 3:**    All statements in Defendants' possession relating to this lawsuit.

**RESPONSE:**

Quietside refers plaintiff to the documents referenced in Plaintiff's Initial Disclosures.  Quietside reserves the right to supplement this response at a later date, including at the time of trial, as investigation continues, subject to potential objections for privilege or work product.

**REQUEST FOR PRODUCTION NO. 4:**    All documents identified or referred to in your Answers to Interrogatories.

**RESPONSE:**

Quietside refers plaintiff to the documents produced with Plaintiff's and Defendants' Initial Disclosures.

**REQUEST FOR PRODUCTION NO. 5:**    All diagrams, drawings or sketches relating to the property which is the subject of this lawsuit.

**RESPONSE:**

Quietside is not in possession of any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 6:**    A true and complete copy of ALL documents from the manufacturer or anyone else in the distribution chain that would have accompanied the instantaneous water heater at issue in this case at the time of initial purchase, including but not limited to, the owner's manual, user's guide, instruction manual, parts list, or any other similar document.

3

**RESPONSE:**

Quietside refers plaintiff to the owner's manual for the subject water heater model,

which is being produced herewith as Daesung-000017-000090.

**REQUEST FOR PRODUCTION NO. 7:**    All documents in Defendants' possession
relating to the recall of the instantaneous water heater at issue in this case and/or any
other versions or models of the product that are subject to the same recall.

**RESPONSE:**

Based on information to date, Quietside did not conduct the recall for the subject

water heater model.  Accordingly, it is not in possession of documents responsive to this

request.

Dated:  May 25, 2016            **NILAN JOHNSON LEWIS PA**

By:   /s/ Scott M. Rusert
        Scott M. Rusert (#231113)
        Brandie L. Morgenroth (#396155)
120 South 6th Street, Suite 400
Minneapolis, MN  55402
(612) 305-7500
srusert@nilanjohnson.com
bmorgenroth@nilanjohnson.com

**ATTORNEYS FOR DEFENDANTS**

Quietside's Responses to Request for Production of Documents

## DECLARATION

I hereby declare under penalty of perjury and pursuant to Title 28, U.S. Code, Judiciary and Judicial Procedure of § 1746 "Unsworn Declaration Under Penalty of Perjury" that the foregoing is true and correct.

Executed on:    5-25-16

By:    Jin H. "Kevin" Park