UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Western National Mutual Ins. Co. as subrogee of Matthew Eberhardt,<br><br>    Plaintiff,<br><br>v.<br><br>Daesung Celtic Enersys Co., Ltd., fka Daesung Celtic Co., Ltd., a foreign corporation, Challenger Supply Holdings, Inc., a foreign corporation, and Quietside Corporation, a foreign corporation,<br><br>    Defendants. | Civil No. 16-cv-00150 DSD/FLN<br><br><br><br>**DEFENDANT CHALLENGER SUPPLY HOLDINGS, INC.'S ANSWERS TO PLAINTIFF'S INTERROGATORIES TO DEFENDANTS** |

COMES NOW, Defendant Challenger Supply Holdings, Inc. (hereinafter referred to as "Challenger Supply"), and by and through its counsel responds to Plaintiff's Interrogatories, as follows:

## PRELIMINARY STATEMENT

1. All answers and responses are given in good faith based upon the information currently available. The answers are given based on facts presently known, or believed to be known by Challenger Supply at the time of its answers and are based upon the best available knowledge. They are not based on information from former Challenger Supply employees who are no longer under the control of Challenger Supply or now deceased.

2. Challenger Supply specifically reserves the right to amend, supplement, modify or otherwise change these responses in the event that it acquires additional

1

Challenger Supply's Answers to Interrogatories

**EXHIBIT F**

information responsive to these requests, or if it appears that administrative or inadvertent omissions or errors have been made. Challenger Supply further reserves the right to supplement these responses with information obtained through continuing discovery, investigation, examination, and cross-examination.

3. Nothing contained in any response herein shall be deemed to be an admission, concession or waiver by Challenger Supply to the validity of any claim asserted by plaintiff against Challenger Supply.

4. The "subject water heater" refers to the Quietside Water Heater, Model No. ODW-120B at issue in the subject lawsuit.

For each of the following responses to the present interrogatories, Challenger Supply incorporates the foregoing Preliminary Statement.

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:** State the full name, address and present occupation, or official capacity with corporation, of the person giving answers to these interrogatories.

**ANSWER:**

Challenger Supply responds that these are its corporate responses. The interrogatories are not answered by any one person. The information is gathered as a result of inquiries made by legal counsel involved in this case. Challenger Supply's counsel assisted in the preparation of these responses.

**INTERROGATORY NO. 2:** State the full name, present address and present occupation of every person known to Defendants who has knowledge of any facts pertaining to the above entitled lawsuit and give a brief statement of the facts believed to be known by each person.

**ANSWER:**

Challenger Supply refers plaintiff to the witnesses identified in Plaintiff's Rule26(a)(1) Initial Disclosures and Defendants' Rule 26(a)(1) Initial Disclosures. Challenger Supply reserves the right to supplement this response at a later date, including at the time of trial.

**INTERROGATORY NO. 3:** State the full name, occupation and employer of each and every person from whom Defendants, its attorneys or any other person or company representing Defendants, have obtained a "statement" as defined in Rule 26(b)(3)(C), Fed. R. Civ. P., relating to this lawsuit and state the date of each "statement".

**ANSWER:**

Challenger Supply does not have any statements as defined in Federal Rules of Civil Procedure Rule 26(b)(3)(C). Challenger Supply reserves the right to supplement this response at a later date, including at the time of trial, as investigation continues.

**INTERROGATORY NO. 4:** State the name and present address of each and every person whom Defendant expects to call as an "expert witness" at the trial of the above captioned lawsuit.

**ANSWER:**

Challenger Supply objects to this interrogatory on the grounds that plaintiff prematurely seeks expert disclosures. Subject to and without waiving its objections, Challenger Supply will identify any expert witnesses required by Federal Rules of Civil Procedure Rule 26 in accordance with the Court's scheduling order.

**INTERROGATORY NO. 5:** With respect to each expert identified in your answer to the preceding interrogatory, state the following:

   a) the area of expertise of said expert, his/her educational background and experience;
   b) the subject matter on which said expect is expected to testify;

    c) the facts and opinions to which said expert is expected to testify; and
    d) the grounds for said opinion.

**ANSWER:**

Challenger Supply objects to this interrogatory on the grounds that plaintiff prematurely seeks expert disclosures. Subject to and without waiving its objections, Challenger Supply will produce any expert opinions required by Federal Rules of Civil Procedure Rule 26 in accordance with the Court's scheduling order.

**INTERROGATORY NO. 6:** State whether or not you claim that Plaintiff's rights have been affected, controlled, limited or established by any admissions or acts made by, undertaken or committed by or on behalf of Plaintiff or its subrogor.

**ANSWER:**

Challenger Supply objects to this interrogatory on the grounds that the terms "plaintiff's rights have been affected, controlled, limited or established…" are vague and ambiguous. Challenger Supply further objects on the grounds that plaintiff prematurely seeks expert disclosures. Subject to and without waiving its objections, Challenger Supply states that based on investigation to date, plaintiff's claims may be barred in whole or in part due to negligent acts of plaintiff's insured. Challenger Supply reserves the right to supplement this response at a later date, including at the time of trial, and will produce any expert opinions required by Federal Rules of Civil Procedure Rule 26 in accordance with the Court's scheduling order.

**INTERROGATORY NO. 7:** If the answer to the preceding interrogatory is in the affirmative, state the following:

    a) what was said, written or done to constitute said admission or act;
    b) the date upon which you claim said admission or act occurred;

c) identify all persons who stated, overheard or observed said admissions or acts; and
d) what, if anything, Defendants did in reliance thereon.

**ANSWER:**

See Answer to Interrogatory No. 6.

**INTERROGATORY NO. 8:** State with specificity and not in summary fashion all facts supporting your allegation in Paragraph 1 of Defendant Daesung's Affirmative Defenses, and provide the following:

a) identify all witnesses having knowledge of said facts;
b) identify all documents supporting said allegation.

**ANSWER:**

This interrogatory is not directed to Challenger Supply and, therefore, no response is required.

**INTERROGATORY NO. 9:** State with specificity and not in summary fashion all facts supporting your allegation in Paragraph 3 of Defendant Daesung's Affirmative Defenses, and provide the following:

a) identify all witnesses having knowledge of said facts;
b) identify all documents support said allegation.

**ANSWER:**

This interrogatory is not directed to Challenger Supply and, therefore, no response is required.

**INTERROGATORY NO. 10:** State with specificity and not in summary fashion all facts supporting your allegation in Paragraph 6 of Defendant Daesung's Affirmative Defenses, and provide the following:

a) identify all witnesses having knowledge of said facts;
b) identify all documents supporting said allegation.

**ANSWER:**

Challenger Supply's Answers to Interrogatories

This interrogatory is not directed to Challenger Supply and, therefore, no response is required.

**INTERROGATORY NO. 11:** State with specificity and not in summary fashion all facts supporting your allegation in Paragraph 13 of Defendant Daesung's Affirmative Defenses, and provide the following:

   a) identify all witnesses having knowledge of said facts;
   b) identify all documents supporting said allegation.

**ANSWER:**

This interrogatory is not directed to Challenger Supply and, therefore, no response is required.

**INTERROGATORY NO. 12:** State with specificity and not in summary fashion all facts supporting your allegation in Paragraph 15 of Defendant Daesung's Affirmative Defenses, and provide the following:
   a) identify all witnesses having knowledge of said facts;
   b) identify all documents supporting said allegation.

**ANSWER:**

This interrogatory is not directed to Challenger Supply and, therefore, no response is required.

**INTERROGATORY NO. 13:** State with specificity and not in summary fashion all facts supporting your allegation in Paragraph 23 of Defendant Daesung's Affirmative Defenses, and provide the following:

   a) identify all witnesses having knowledge of said facts;
   b) identify all documents supporting said allegation.

**ANSWER:**

This interrogatory is not directed to Challenger Supply and, therefore, no response is required.

**INTERROGATORY NO. 14:**   State with specificity and not in summary fashion all facts supporting your allegation in Paragraph of Defendant Daesung's Affirmative Defenses, and provide the following:

   a) identify all witnesses having knowledge of said facts;
   b) identify all documents supporting said allegation.

**ANSWER:**

   This interrogatory is not directed to Challenger Supply and, therefore, no response is required.

**INTERROGATORY NO. 15:**   Identify the representative of each Defendant most knowledgeable about the recall of the instantaneous water heater at issue in this case, including but not limited to, the nature of the defect or issue leading to the recall, the fire hazard associated with the defect or issue leading to the recall, and the mode of failure.

**ANSWER:**

   Based on information to date, Mr. Kevin Park at Challenger Supply has knowledge regarding the recall conducted in November 2014.

**INTERROGATORY NO. 16:**   Identify all employees of each Defendant who have, at any time since 2010, held the position of Risk Manager, Quality Control Manager, or similar position who were aware of claims of defects, failures, or malfunctions of the instantaneous water heater at issue in this case and any other versions or models of the product that are subject to the recall.

**ANSWER:**

   Based on information to date, Mr. Kevin Park at Challenger Supply has knowledge regarding claims concerning the subject water heater model.

Dated: May 25, 2016      **NILAN JOHNSON LEWIS PA**

By: /s/ Scott M. Rusert
    Scott M. Rusert (#231113)
    Brandie L. Morgenroth (#396155)
120 South 6th Street, Suite 400
Minneapolis, MN 55402
(612) 305-7500
srusert@nilanjohnson.com
bmorgenroth@nilanjohnson.com

**ATTORNEYS FOR DEFENDANTS**

Challenger Supply's Answers to Interrogatories

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Western National Mutual Ins. Co. as subrogee of Matthew Eberhardt,<br><br>    Plaintiff,<br><br>v.<br><br>Daesung Celtic Enersys Co., Ltd., fka Daesung Celtic Co., Ltd., a foreign corporation, Challenger Supply Holdings, Inc., a foreign corporation, and Quietside Corporation, a foreign corporation,<br><br>    Defendants. | Civil No. 16-cv-00150 DSD/FLN<br><br><br><br>**DEFENDANT CHALLENGER SUPPLY HOLDINGS, INC.'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS** |

COMES NOW, Defendant Challenger Supply Holdings, Inc. (hereinafter referred to as "Challenger Supply"), and by and through its counsel responds to Plaintiff's Request for Production of Documents, upon information and belief as follows:

### PRELIMINARY STATEMENT

1.  All answers and responses are given in good faith based upon the information currently available. The answers are given based on facts presently known, or believed to be known by Challenger Supply at the time of its answers and are based upon the best available knowledge. They are not based on information from former Challenger Supply employees who are no longer under the control of Challenger Supply or now deceased.

2.  Challenger Supply specifically reserves the right to amend, supplement, modify or otherwise change these responses in the event that it acquires additional

information responsive to these requests, or if it appears that administrative or inadvertent omissions or errors have been made. Challenger Supply further reserves the right to supplement these responses with information obtained through continuing discovery, investigation, examination, and cross-examination.

3. Nothing contained in any response herein shall be deemed to be an admission, concession or waiver by Challenger Supply to the validity of any claim asserted by plaintiff against Challenger Supply.

4. The "subject water heater" refers to the Quietside Water Heater, Model No. ODW-120B at issue in the subject lawsuit.

For each of the following responses to the present requests, Challenger Supply incorporates the foregoing Preliminary Statement.

## RESPONSES TO REQUEST TO PRODUCE

**REQUEST FOR PRODUCTION NO. 1:** All photographs and/or videotapes in Defendant's possession relating to the property which is the subject of this lawsuit.

**RESPONSE:**

Challenger Supply refers plaintiff to the previously produced photographs taken at the fire scene inspection on December 15, 2014 and the destructive examination on April 14, 2015.

**REQUEST FOR PRODUCTION NO. 2:** All documents which Defendants intend to offer at time of trial.

**RESPONSE:**

Challenger Supply objects to this request as premature. Challenger Supply will produce trial exhibits in accordance with the Court's scheduling order. Subject to and

without waiving its objections, Challenger Supply refers plaintiff to the documents referenced in Plaintiff's and Defendants' Initial Disclosures. Challenger Supply reserves the right to supplement this response at a later date, including at the time of trial, as investigation continues.

**REQUEST FOR PRODUCTION NO. 3:** All statements in Defendants' possession relating to this lawsuit.

**RESPONSE:**

Challenger Supply refers plaintiff to the documents referenced in Plaintiff's Initial Disclosures. Challenger Supply reserves the right to supplement this response at a later date, including at the time of trial, as investigation continues, subject to potential objections for privilege or work product.

**REQUEST FOR PRODUCTION NO. 4:** All documents identified or referred to in your Answers to Interrogatories.

**RESPONSE:**

Challenger Supply refers plaintiff to the documents produced with Plaintiff's and Defendants' Initial Disclosures.

**REQUEST FOR PRODUCTION NO. 5:** All diagrams, drawings or sketches relating to the property which is the subject of this lawsuit.

**RESPONSE:**

Challenger Supply is not in possession of any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 6:** A true and complete copy of ALL documents from the manufacturer or anyone else in the distribution chain that would have accompanied the instantaneous water heater at issue in this case at the time of initial

purchase, including but not limited to, the owner's manual, user's guide, instruction manual, parts list, or any other similar document.

**RESPONSE:**

Challenger Supply refers plaintiff to the owner's manual for the subject water heater model, which is being produced herewith as Daesung-000017-000090.

**REQUEST FOR PRODUCTION NO. 7:** All documents in Defendants' possession relating to the recall of the instantaneous water heater at issue in this case and/or any other versions or models of the product that are subject to the same recall.

**RESPONSE:**

Challenger Supply objects that this request is overly broad and seeks information that is neither relevant nor reasonably calculated to the discovery of admissible evidence. Challenger Supply also objects on the ground that this request prematurely seeks expert disclosures. Subject to and without waiving its objections, Challenger Supply refers plaintiff to Daesung-000001-000016. Challenger Supply also refers plaintiff to the documents produced with Plaintiff's Initial Disclosures to the extent that they are applicable to the subject water heater model. Challenger Supply is continuing its search of responsive documents and will produce any additional relevant documents to the extent that they exist, subject to potential objections for privilege or work product.

Dated: May 25, 2016        NILAN JOHNSON LEWIS PA

By:  /s/ Scott M. Rusert
     Scott M. Rusert (#231113)
     Brandie L. Morgenroth (#396155)
120 South 6th Street, Suite 400
Minneapolis, MN 55402
(612) 305-7500
srusert@nilanjohnson.com
bmorgenroth@nilanjohnson.com

**ATTORNEYS FOR DEFENDANTS**

## DECLARATION

I hereby declare under penalty of perjury and pursuant to Title 28, U.S. Code, Judiciary and Judicial Procedure of § 1746 "Unsworn Declaration Under Penalty of Perjury" that the foregoing is true and correct.

Executed on: _5-25-16_

By: /Jin H. "Kevin" Park