```
             UNITED STATES DISTRICT COURT
                DISTRICT OF MINNESOTA
                Civil No. 16-150(DSD/FLN)
```

Western National Mutual
Insurance Company, as
subrogee of Matthew Eberhardt,

     Plaintiff

v.                                                    **ORDER**

Daesung Celtic Enersys Co., Ltd.,
fka Daesung Celtic Co., Ltd.,
a foreign corporation, Challenger
Supply Holdings, Inc., a foreign
corporation, and Quietside
Corporation, a foreign corporation,

     Defendants.

    Kevin J. Kennedy, Esq. and Borgelt, Powell, Peterson & Frauen
    S.C., 7825 Third Street North, Suite 206, Oakdale, MN 55128,
    counsel for plaintiff.

    Brandie L. Morgenroth, Esq. and Nilan Johnson Lewis, P.A., 120
    South 6th Street, Suite 400, Minneapolis, MN 55402, counsel for
    defendants.

This matter is before the court upon the motion to dismiss by defendant Daesung Celtic Enersys Co., Ltd. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion.

**BACKGROUND**

This insurance dispute arises out of an alleged faulty water heater manufactured by Daesung and sold to a Minnesota homeowner,

Travis Hunzeker.  Hunzeker purchased the water heater online from BuyPlumbing.net, which acquired the water heater from Daesung distributor, defendant Quietside Corporation.  Quietside is based in Santa Fe Springs, California.[1]

Hunzeker later sold the home to Matthew Eberhardt.  In November 2014, the water heater ignited a fire that caused over $400,000 in damages to Eberhardt's home and belongings.  Eberhardt filed a claim with his insurer, plaintiff Western National Mutual Insurance Company.  Western National then filed this suit against Daesung and its distributors, Quietside and Challenger, as Eberhardt's subrogee.  Western National originally filed suit in LeSueur County, Minnesota, and defendants timely removed.  Daesung now moves for dismissal based on lack of personal jurisdiction.

**DISCUSSION**

**I.   Standard**

To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must establish a prima facie case that the forum state has personal jurisdiction over the defendant. Stevens v. Redwing, 146 F.3d 538, 543 (8th Cir. 1998).  In the absence of an evidentiary hearing, a court "must look at the facts

---

[1] Quietside also appears to have offices in Texas. Defendant Challenger Supply Holdings, Inc., is Quietside's successor in interest, and is based in California.  Western National does not allege that either distributor has an office in or near Minnesota.

in the light most favorable to the nonmoving party and resolve all factual conflicts in favor of that party." Dakota Indus., Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1387 (8th Cir. 1991) (citations omitted). A federal court may assume jurisdiction over a nonresident defendant "only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause." Romak USA, Inc. v. Rich, 384 F.3d 979, 984 (8th Cir. 2004) (citation and internal quotation marks omitted). Because the Minnesota long-arm statute "confers jurisdiction to the fullest extent permitted by the Due Process Clause," the court need only consider due process requirements. See Coen v. Coen, 509 F.3d 900, 905 (8th Cir. 2007).

To satisfy due process, a defendant must have "sufficient minimum contacts" with the forum state such that maintaining the suit "does not offend traditional notions of fair play and substantial justice." Romak, 384 F.3d at 984 (citation omitted). "Sufficient contacts exist when [a] defendant's conduct and connection with the forum state are such that [it] should reasonably anticipate being haled into court there...." Coen, 509 F.3d at 905 (citation and internal quotation marks omitted).

Contacts with the forum state can establish personal jurisdiction under either general or specific jurisdiction. A forum state has specific jurisdiction when the cause of action "arise[s] out of" or "relate[s] to" a defendant's activities within

3

that state.  <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 472 (1985) (citation and internal quotation marks omitted).  General jurisdiction is present when, regardless of the cause of action, a defendant has "continuous and systematic contacts with the forum state."  <u>Coen</u>, 509 F.3d at 905 (citation and internal quotation marks omitted).  Under either analysis, the Eighth Circuit considers five factors in determining whether personal jurisdiction exists:  "(1) the nature and quality of defendant's contacts with the forum state; (2) quantity of contacts; (3) source and connection of the cause of action with those contacts; and to a lesser degree, (4) the interest of the forum state; and (5) the convenience of the parties."  <u>Wessels, Arnold & Henderson v. Nat'l Med. Waste, Inc.</u>, 65 F.3d 1427, 1432 (8th Cir. 1995) (citations omitted).

**II.  Stream of Commerce**

Daesung attests that it is a Korean company that is not authorized or registered to do business in Minnesota, does not directly sell products in Minnesota, has not contracted with any business or person in Minnesota, has not directly shipped products to Minnesota, has no place of business in Minnesota, does not have an agent for service of process in Minnesota, and does not have any distributors in Minnesota.  <u>See</u> Lim Aff. ¶ 1.  Western National does not dispute Daesung's representations, but argues that the court may exercise personal jurisdiction over Daesung under the

"stream of commerce" theory.  Western National further argues that, at a minimum, it should be allowed to pursue limited jurisdictional discovery to fully explore this issue.

Under the stream of commerce theory, specific jurisdiction attaches to a foreign manufacturer that "'pours its products' into a regional distributor with the expectation that the distributor will penetrate a discrete, multi-State trade area." Vandelune v. 4B Elevator Components Unlimited, 148 F.3d 943, 948 (8th Cir. 1998) (quoting Barone v. Rich Bros. Interstate Display Fireworks Co., 25 F.3d 610, 615 (8th Cir. 1994)).  Although Daesung uses a distributor to sell its products in the United States, there are no allegations that Daesung has a distributor in or near Minnesota, that it directs non-Minnesota distributors to market Daesung products to the Minnesota market, or that it controls the distribution system.  This case is therefore distinguishable from Vandelune and Barone, on which Western National heavily relies. See id. at 948 (finding personal jurisdiction over foreign manufacturer because the manufacturer was directly involved in the distribution of the product to the forum state); Barone, 25 F.3d at 614-15 (concluding that strategically placed regional distributors evinced an intention by a foreign manufacturer to avail itself of the forum state's laws and protections).  Here, in contrast, Daesung has done nothing more than place its product in the stream of commerce through a California-based distributor, which is

insufficient to establish personal jurisdiction. Falkirk Mining Co. v. Japan Steel Works, Ltd., 906 F.2d 369, 376 (8th Cir. 1990).

Further, Hunzeker bought the water heater from a third-party online retailer, rather than directly from Quietside, Daesung's California-based distributor. Given these facts, Daesung has, at most, attenuated contacts with Minnesota flowing from Hunzeker's unilateral decision to order a Daesung product online. See Bell Paper Box, Inc. v. Trans Western Polymers, 53 F.3d 920, 922 (8th Cir. 1995) (citing Burger King, 471 U.S. at 475) (holding that contacts with the state must be more than "random," "fortuitous," or "attenuated"). Under these circumstances, there is insufficient evidence that Daesung intended to purposefully avail itself of the protections of Minnesota law or to otherwise establish contacts with Minnesota sufficient to confer personal jurisdiction. Indeed, exercising jurisdiction over Daesung under the facts presented would substantially erode the principle of personal jurisdiction.

The court also finds that discovery on this issue is not warranted. Western National has had ample time to explore Daesung's contacts with Minnesota, but has failed to uncover facts sufficient to confer jurisdiction. Defendants removed the case in January 2016, and the parties have engaged in discovery for several months without yielding facts supporting a finding of jurisdiction. Western National argues that it intends to take depositions designed to uncover facts relating to Daesung's connections with

Minnesota.  Even assuming such jurisdictional discovery would be timely, the deposition notices identify broad topics addressing Daesung's contacts with the United States as a whole, rather than uncovering contacts with Minnesota.  <u>See</u> Pl's. Opp'n Mem. at 16; <u>see also</u> <u>Greenbelt Res. Corp. v. Redwood Consultants, LLC</u>, 627 F. Supp. 2d 1018, 1028 (D. Minn. 2008) (holding that a plaintiff's request for jurisdictional discovery must be "specifically targeted to flesh out connections already shown to exist," not merely an attempt "to cast a wide net for potential contacts with the forum state").  As a result, the court denies the request for jurisdictional discovery.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to dismiss [ECF No. 17] is granted; and
2. The claims against defendant Daesung Celtic Enersys Co. are dismissed without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 31, 2016

s/David S. Doty
David S. Doty, Judge
United States District Court
